**Leton C. ADAMS, Plaintiff,**

v.

**Frances S. TURNER, Defendant.**

**Civ. A. No. 3011–61.**

United States District Court
District of Columbia.

Jan. 26, 1965.

Charles H. Mayer, Washington, D. C., for plaintiff.

Richard W. Galiher, Washington, D. C., for defendant.

HOLTZOFF, District Judge.

In this action to recover damages for personal injuries resulting from an accident involving an automobile driven by the defendant and in which the plaintiff was a passenger, the defendant requests a ruling that the amount of certain medical bills incurred by the plaintiff in the sum of $392.80 is not a recoverable item as part of the special damages. The basis for the defendant's contention is that the plaintiff has already been reimbursed for this amount by an insurance company under a policy carried by the defendant. This policy is a liability insurance policy and, in addition, contains a provision to the effect that the insurance carrier shall pay the medical bills of any person injured in an accident involving the defendant's vehicle while the defendant is operating it. This insurance policy included several types of coverage and each provision, including the medical provision just referred to,

carried a separate premium which was paid by the defendant.

█ The plaintiff relies upon what is generally known as the Collateral Source Rule and contends that she is entitled to recover this item if she prevails in this action, irrespective of the fact that she has actually been reimbursed for it by the defendant's insurance company under the provision to which reference has just been made. The Collateral Source Rule provides, in effect, that if the plaintiff's special damages or any part thereof, such as hospital or medical expenses or loss of wages, are paid for by some third person, either as a gift or on the basis of some contractual obligation, this circumstance does not bar the plaintiff from recovering this item from the defendant, even though it may in effect accord to the plaintiff a double benefit or a double recovery. This is a generally accepted rule. It appears in the Restatement of the Law of Torts, Section 920, Comment (e), which contains the following formulation of this doctrine:

> "The plaintiff is not barred from recovery merely because he suffers no net loss from the injury, as where he is insured or where friends make contributions to him because of the loss."

And again, Section 924, Comment (f):.

> "The value of medical services made necessary by the tort can ordinarily be recovered although they have created no liability or expense to the injured person, as where a physician donates his services. Where a gift is intended to be made to the injured person its benefits should not inure to the tort feasor."

█ This general doctrine has been adopted by the District of Columbia in Hudson v. Lazarus, 95 U.S.App.D.C. 16, 217 F.2d 344, which has become a leading case on the subject. In that case the Court of Appeals stated:

> "In general the law seeks to award compensation, and no more, for personal injuries negligently inflicted. Yet an injured person may usually recover in full from a wrongdoer regardless of anything he may get from a 'collateral source' unconnected with the wrongdoer. Usually the collateral contribution necessarily benefits either the injured person or the wrongdoer. Whether it is a gift or the product of a contract of employment or of insurance, the purposes of the parties to it are obviously better served and the interests of society are likely to be better served if the injured person is benefitted than if the wrongdoer is benefitted."

The Court proceeds to state that legal compensation for personal injuries does not wholly compensate because the injured person seldom gets the full compensation that he recovers since a substantial attorney's fee comes out of it. This aspect of the reasoning is not convincing. If the law were to make the plaintiff whole and include attorney's fees, our law should be modified in accordance with the English practice, for in England counsel fees and solicitors' fees are taxable as costs and the plaintiff is actually made whole. This procedure is a nearer approach to abstract justice, but apparently our law does not go that far for fear of penalizing impecunious plaintiffs who fail to prevail and for fear of discouraging a person from bringing suit if he is not absolutely sure of his cause of action. While the second aspect of the reasoning of the Court of Appeals is not too convincing, the first part is very persuasive and, in any event, the rule laid down is the law of this Circuit.

The philosophy underlying the Collateral Source Rule seems to be that either the injured party or the tort feasor is going to receive a windfall, if a part of the pecuniary loss is paid for by an outside source and that it is more just that the windfall should inure to the benefit of the injured party than that it should accrue to the tort feasor. This conclusion seems to be based on substantial justice. This reasoning, however, does not apply in a situation where the

collateral source is the defendant himself. Under those circumstances no one gets a windfall and if a recovery were allowed under those circumstances the result would be that the plaintiff would receive a double recovery and that the defendant would be mulcted twice for the same item of damages. Suppose, for example, the defendant himself paid the plaintiff's entire medical bill prior to the institution of the action or prior to the trial. Obviously the plaintiff would not be paid twice for the same item and would not be permitted to recover his medical bills as an item of special damages. Goodwin v. Giovenelli, 117 Conn. 103, 167 A. 87, 89, a decision of the Supreme Court of Errors of Connecticut.

Here the defendant did not herself pay the medical bills but brought into being at her own expense an insurance policy out of which the medical bills were paid. She, therefore, is the collateral source and she would be mulcted twice and the plaintiff would receive an undeserved double recovery if, after the plaintiff's medical bills were paid by the defendant's insurance company under a policy for which the defendant paid the premium, the plaintiff were allowed to recover the same item.

This precise point was passed upon within the past year by the Superior Court of Delaware in Yarrington v. Thornburg, 198 A.2d 181, 185, in which the Court made the following persuasive statement:

> "Where a defendant himself furnishes or causes to be furnished medical expenses to a plaintiff, the collateral-source rule should not apply because the source of the benefits is not wholly independent of the defendant."

Accordingly, the Court concludes that the Collateral Source Rule does not apply to a situation where the plaintiff's medical or hospital expenses or other losses are paid either by the defendant directly or by an insurance company under a policy procured by the defendant or in his behalf and for which the defendant has paid the premium.

The Court, therefore, concludes that in this case the item of medical services is not to be included in the list of special damages to be submitted to the jury, because they have been paid by the defendant's insurance company under a policy for which the defendant paid the premium.