**MOTOR TRUCK SUPPLY CO. and Schirmer Transportation Company, Incorporated, Plaintiffs,**

**and**

**Erie Mining Company, Intervening Plaintiff,**

**v.**

**UNITED STATES of America and Interstate Commerce Commission, Defendants.**

**No. 4–63–Civ–381.**

United States District Court
D. Minnesota,
Fourth Division.

Feb. 11, 1965.

Donald A. Morken, Minneapolis, Minn., for plaintiffs.

Clyde Comstock and Latham W. Murfey, Jr., Cleveland, Ohio, and James T. Prest, Duluth, Minn., for intervening plaintiff.

William H. Orrick, Jr., Asst. Atty. Gen., and John H. D. Wigger, Department of Justice, Washington, D. C. and Miles W. Lord, U. S. Atty., Minneapolis, Minn., for United States of America.

Robert W. Ginnane, General Counsel and Fritz R. Kahn, Asst. General Counsel, Interstate Commerce Commission, Washington, D. C., for the Interstate Commerce Commission.

Before BLACKMUN, Circuit Judge, and DEVITT, Chief Judge, and NORDBYE, District Judge.

DEVITT, Chief Judge.

This is an action to enjoin, annul and set aside the Report and Order of the Interstate Commerce Commission of January 31, 1963 in its Docket MC–C–3193, Schirmer Transp. Co., Inc.,—Investigation, 91 M.C.C. 869, which found that the plaintiffs had been engaged in unauthorized interstate motor carrier operations, participated in by the intervening plaintiff, and ordered them to cease and desist therefrom.

The pertinent statutes are 28 U.S.C.A. §§ 1336, 1398, 2284, 2321–2325, 49 U.S.C.A. § 305(g) and 5 U.S.C.A. § 1009. Jurisdiction is established.

The issue is whether the hauling of petroleum products from Superior, Wisconsin to Hoyt Lakes and Taconite Harbor, Minnesota was the operation of Erie Mining Co., the shipper, as a private carrier, and hence exempt from the necessity of securing Interstate Commerce Commission operating authority, 49 U.S.C.A. § 303(a)(17), as is urged by the plaintiffs and intervening plaintiff, or is a for-hire carriage which requires the ICC's prior grant of authority as either a common carrier, 49 U.S.C.A. § 306(a) or a contract carrier, 49 U.S.C.A. § 309 (a), as was held by the Commission and as is urged here by the defendants.

Plaintiff Schirmer is a motor common carrier holding authority from the Interstate Commerce Commission to transport bulk petroleum products in tank vehicles between certain points in Minnesota and Wisconsin. It has no authority, however, to operate from Superior, Wisconsin to Hoyt Lakes or Taconite Harbor. The Commission previously denied Schirmer's application to perform these services as a common carrier. Schirmer Transp. Co.,

Inc., Extension—Superior, Wis., 76 M.C. C. 293 (1958).

The intervening plaintiff, Erie Mining Company, operates a plant near Hoyt Lakes for the production of taconite from ore.

In order to provide for the delivery of needful petroleum products from Superior, Wisconsin to its taconite plant, Erie entered into an agreement on November 19, 1959 with Motor Truck Supply Company—a corporation, all of the capital stock of which is owned by the same two persons who own all of the capital stock of Schirmer. Plaintiffs concede that for legal purposes here Schirmer and Motor Truck Supply can be considered as one. Under the agreement Erie was to supply the necessary vehicles, provide liability insurance and prescribe certain minimum schedules for petroleum deliveries. Motor Truck Supply was to furnish the necessary vehicle maintenance, keep service records, furnish qualified drivers, maintain personnel records, pay salaries and wages, make unemployment compensation payments, carry workmens compensation insurance, and pay all operational expenses. Motor Truck Supply was to be compensated on an agreed mileage basis.

By order entered on February 27, 1961 the Interstate Commerce Commission instituted an investigation under authority of 49 U.S.C.A. §§ 42, 304(c) and 312(a) to determine whether Schirmer was engaging in unauthorized transportation of property in interstate commerce and whether Motor Truck Supply and Erie had been participating therein. On June 25, 1962 an examiner of the Commission, on the basis of hearings conducted and evidence presented, found in the affirmative and recommended the issuance of a cease and desist order. On January 31, 1963 the Commission, Division 1, entered its Report and Order, finding the same, and directing the plaintiffs herein to cease and desist their unlawful activities.

This action, challenging that Report and Order, followed on October 7, 1963.

Our authority and responsibility on this appeal, notwithstanding plaintiffs' urging that it be greater, is limited to determining whether there is warrant in the law and in the facts for the Commission's action. We can't go further than that, retry the issue, make new findings, or substitute our judgment for that of the Commission. United States v. Pierce Auto Freight Lines, Inc., 327 U.S. 515, 66 S.Ct. 687, 90 L.Ed. 821 (1956). We have been habitually attentive to this limitation. Great Northern Ry. Co. v. United States, 209 F.Supp. 230 (D.Minn.1962) and cases there cited.

In our view the Commission reached a permissible conclusion when it found that the operations in question were those of Schirmer and Motor Truck Supply and not those of Erie as a private carrier. It based this judgment on its conclusion from all of the facts that the real responsibility for the direction and the control of the operation, and most of the risk, was vested in the plaintiffs. It recited in its Order that Motor Truck Supply recruited and trained the qualified drivers, employed them on its own payroll, instructed and directed them in their day-to-day operations, undertook nearly all matters relating to safety regulations, maintained the records and generally, except as to liability insurance protection, bore the risks of operation. The Commission recognized that while Erie exercised some control over the operations, such was extremely limited in scope.

Relying principally upon the standards stated in Rittenhouse—Investigation of Certificates, 78 M.C.C. 389 (1958), the Commission concluded that since actual control of the operation was placed in Schirmer and Motor Truck Supply, the activity was that of a common or contract carrier and was not exempt from licensing requirements. This conclusion is an allowable one under Rittenhouse. See United States et al. v. Drum et al., 368 U.S. 370, 82 S.Ct. 408, 7 L.Ed.2d 360 (1962) and Schultz Transit, Inc. v.

United States, 208 F.Supp. 537 (Minn. 1962).

We conclude that the Commission properly exercised its authority and that its action was not arbitrary, capricious or contrary to law.

We have fully considered all of the other arguments and contentions of the plaintiffs and intervening plaintiff and view them as being without merit.

The complaint is dismissed.