WILLIAM R. BESCHNETT, JR., AND ANOTHER v.
FARMERS EQUITABLE INSURANCE COMPANY.

146 N. W. (2d) 861.

December 2, 1966—No. 40,199.

*Taylor Law Firm* and *Elmer W. Foster*, for appellants.
*Farrish, Zimmerman, Johnson & Manahan*, for respondent.

OTIS, JUSTICE.

The issues raised on this appeal are whether the release of a tortfeasor and the satisfaction by his insurer of a verdict in favor of plaintiffs which included special damages for medical expenses, pursuant to the terms of a liability policy, bar plaintiffs from again recovering medical expenses in a separate action against the insurer under the provisions of a so-called medical-payment coverage included in the same policy. Plaintiffs appeal from a summary judgment granted defendant.

The facts are not in dispute. On April 14, 1962, plaintiff William R. Beschnett, Jr., was a passenger in a car driven by defendant's insured, one Dean Attenberger, when it collided with a vehicle being operated by one Larry Hanson. In an action brought against Attenberger and Hanson, plaintiffs recovered a verdict of $14,000, payment of which was divided between Hanson's liability carrier and defendant. It is conceded that the verdict included an award for plaintiffs' medical expenses. Thereafter plaintiffs brought this action to recover $500 under a separate medical-payment provision in Attenberger's liability policy.

■ It is the contention of defendant that the release plaintiffs executed when paid the $14,000 relieved it of all further liability under its policy. Although defendant asserts that the payment was a compromise in consideration of its failing to take an appeal, we are not called upon to determine whether payment in full was a settlement or merely a satisfaction. This is unlike Thomas v. Erie Ins. Exch. 229 Md. 332, 334, 182 A. (2d) 823, 824, where under similar circumstances a release which ran to the defendant, "his heirs, executors, administrators, agents and assigns, *and all other persons, firms or corporations liable or who might*

*be claimed to be liable,"* was held sufficient to bar double recovery of medical payments after a settlement under the liability provisions of the same policy. (Italics supplied.) Nor is the defendant a party named in the release as was the case in Barbour v. State Farm Mutual Auto. Ins. Co. (D. C. Mun. App.) 141 A. (2d) 924. In the instant case the release was in the following language:

"* * * [W]e, being of lawful age, do hereby release, acquit and forever discharge Dean Oliva Attenberger and Raymond Attenberger (herein called releasee) his/their heirs, representatives, successors and assigns, * * *."

We therefore hold that where a defendant's insurer is not a party to the original litigation and is neither named in the release nor otherwise expressly relieved from further obligation by it, plaintiff is not thereby barred from bringing a subsequent action to recover medical payments called for under the insurer's liability policy.

■ The medical-payment and public-liability provisions under consideration are contained in a single policy, the premiums for which have been paid by the owner of the Attenberger vehicle. They provide in part as follows:

"PART I—LIABILITY

"Coverage A—Bodily Injury Liability;

"* * * To pay on behalf of the insured all sums which the insured shall become legally obligated to pay as damages because of:

"A. bodily injury, sickness or disease, including death resulting therefrom, hereinafter called 'bodily injury,' sustained by any person;

* * * * *

"PART II—EXPENSES FOR MEDICAL SERVICES

"Coverage C—Medical Payments: To pay all reasonable expenses incurred within one year from the date of accident for necessary medical, surgical, pharmaceuticals, eyeglasses, X-ray and dental services, including prosthetic devices, and necessary ambulance, hospital, professional nursing and funeral services:

* * * * *

"Division 2. To or for any other person who sustains bodily injury, caused by accident, while occupying

"(a) the owned automobile, while being used by the named insured, by any resident of the same household or by any other person with the permission of the named insured * * *."

Medical payments in liability policies are a relatively new coverage, and cases construing them are of recent origin. The authorities are divided on their application.[1]

A leading case denying double recovery is Gunter v. Lord, 242 La. 943, 140 So. (2d) 11. There the Louisiana Supreme Court, in resolving conflicting decisions of its intermediate courts, advanced many of the arguments which have subsequently been relied on by other jurisdictions. Where the injured party has been compensated by a policy of liability insurance for which the *tortfeasor* has paid the premium, the court said the obligation is extinguished by a single payment. To allow double recovery would constitute unjust enrichment. The intent of the parties was held to govern. In that regard the court found the insured and insurer intended the medical-payment provision to apply only where there was injury without fault. In such cases, the owner or driver feels an obligation to compensate for the injury without reference to liability. In effect the Louisiana court held that the medical-payment provisions of a policy in

---

[1] Courts in Louisiana, North Carolina, California, Delaware, New York, Ohio, and the District of Columbia have denied double recovery. Gunter v. Lord, 242 La. 943, 140 So. (2d) 11; Tart v. Register, 257 N. C. 161, 125 S. E. (2d) 754; Dodds v. Bucknum, 214 Cal. App. (2d) 206, 29 Cal. Rptr. 393; Turner v. Mannon, 236 Cal. App. (2d) 134, 45 Cal. Rptr. 831; Yarrington v. Thornburg (Del.) 205 A. (2d) 1; Id. (Del. Super.) 208 A. (2d) 60; Moore v. Leggette, 24 App. Div. (2d) 891, 264 N. Y. S. (2d) 765; Adams v. Turner (D. D. C.) 238 F. Supp. 643; Chambers v. Pinson, 6 Ohio App. (2d) 66, 216 N. E. (2d) 394; Klafter, *Double Recovery of Medical Payments*, 23 Albany L. Rev. 126. A contrary position has been taken by courts in Wisconsin, New Jersey, and Texas. Severson v. Milwaukee Auto. Ins. Co. 265 Wis. 488, 61 N. W. (2d) 872, 42 A. L. R. (2d) 976; Long v. Landy, 35 N. J. 44, 171 A. (2d) 1; Johnson v. New Jersey Mfrs. Ind. Ins. Co. 69 N. J. Super. 184, 174 A. (2d) 4; Edmondson v. Keller (Tex. Civ. App.) 401 S. W. (2d) 718.

which the tortfeasor is the insured do not bring the case within the rule which permits double recovery of medical expenses paid through a collateral source.[2] In Tart v. Register, 257 N. C. 161, 125 S. E. (2d) 754, the North Carolina court anticipated the inequitable consequences of failing to give a tortfeasor credit for medical payments made available under his own policy where he is otherwise not insured or where recovery exceeds the limits of his liability coverage. That precise situation arose in Yarrington v. Thornburg (Del.) 205 A. (2d) 1, where the verdict was greatly in excess of liability coverage and the injured party had previously received $5,000 under medical-payment provision of defendant's policy. The court held that the medical payment was not a collateral source and distinguished the Wisconsin case, *infra,* on the ground that there the medical-payment suit was brought directly against the insurance company.

The case against double payment was well presented by Judge Holtzoff in Adams v. Turner (D. D. C.) 238 F. Supp. 643, 644, where the court defined the collateral-source rule in the following language:

"* * * The Collateral Source Rule provides, in effect, that if the plaintiff's special damages or any part thereof, such as hospital or medical expenses or loss of wages, are paid for by some third person, either as a gift or on the basis of some contractual obligation, this circumstance does not bar the plaintiff from recovering this item from the defendant, even though it may in effect accord to the plaintiff a double benefit or a double recovery. This is a generally accepted rule." [3]

---

[2] Maxwell, *The Collateral Source Rule in the American Law of Damages,* 46 Minn. L. Rev. 669; Restatement, Torts, § 920, *comment e,* and § 924, *comment f;* 8 Appleman, Insurance Law and Practice, § 4896; 2 Harper & James, Law of Torts, § 25.22; Schwartz, *The Collateral-Source Rule,* 41 Boston U. L. Rev. 348; Note, 77 Harv. L. Rev. 741; Annotations, 13 A. L. R. (2d) 355 and 4 A. L. R. (3d) 535; 22 Am. Jur. (2d) Damages, § 206.

[3] "The receipt by one injured through the negligence of another of the proceeds of accident policies does not defeat nor diminish his recovery of the tort feasor." Evans v. Chicago, M. & St. P. Ry. Co. 133 Minn. 293, 294, 158 N. W. 335, 336; Dahlin v. Kron, 232 Minn. 312, 320, 45 N. W. (2d) 833, 837; Wilson v. Home Gas Co. Inc. 267 Minn. 162, 167, 125 N. W.

Judge Holtzoff concluded that the injured party should not receive a windfall where the tortfeasor has paid the premium. To hold otherwise, the court observed, would be to "mulct" the defendant twice and permit the plaintiff "an undeserved double recovery." 238 F. Supp. 645.

The leading case reaching a contrary conclusion is Severson v. Milwaukee Auto. Ins. Co. 265 Wis. 488, 61 N. W. (2d) 872, 42 A. L. R. (2d) 976. There the Wisconsin court held that the injured person had two distinct causes of action, one a tort claim against the insured, and the other a contract claim as a third-party beneficiary against the insurer. The court noted that separate premiums had been paid for each coverage and that if the intention was to disallow medical payments where they had already been recovered in the liability action, it was the duty of the insurer to exclude them by explicit provisions in its policy.

We think the case for double recovery was ably articulated by the lower court in Moore v. Leggette, 45 Misc. (2d) 603, 606, 257 N. Y. S. (2d) 463, 466, despite the fact the appellate division did not find it persuasive. There the court weighed the equities and found them balanced in favor of the injured party. In a well-reasoned opinion with which we are in accord, the court stated:

"* * * There is no indication whatsoever of rate differentials dependent upon the extent of the coverage of the endorsement. This question leads to another equitable problem: is the *insurer* obtaining a double benefit? In other words, apart from choosing between a plaintiff's double recovery or an insured's lesser total responsibility, the insurer has been paid two separate, whole sums where one would do. Two distinctive forms of protection have been supplied for two fees, and yet one payment here will relieve both obligations. *This possibility of double charge-single payment insurance is even more unwarranted than what this plaintiff might receive as a possible no charge-double recovery bonanza.*" (Italics supplied in part.)

We subscribe to the view that medical-payment provisions in a liability

---

(2d) 725, 729; Collins v. Farmers Ins. Exch. 271 Minn. 239, 245, 135 N. W. (2d) 503, 507.

policy constitute a collateral source without reference to what party obtains and pays for the insurance. There is little logic in the position that the right to double recovery is dependent on the source of payment where by the terms of the policy it is allowed apart from liability. Clearly, the injured party would have a right to recover medical payments against the tortfeasor's insurer as a third-party beneficiary in the absence of liability insurance. Claims against tortfeasors are in Minnesota unrelated to the existence or absence of liability insurance. The fact that an insurance company contracts to compensate the tortfeasor is irrelevant to the issue of liability for damages which include medical expenses. There are, therefore, two distinct claims—one in tort and one in contract against two parties wholly unrelated so far as the injured person is concerned. Two separate premiums have been paid. As between the insurer, the insured, and the injured party, we submit the insurer has not made a convincing showing it deserves preference in receiving a windfall to which inevitably one of them is entitled.

Presumably, since the Severson decision in 1953, automobile insurers have been on notice that they are exposed to double liability under policies of this kind. They apparently have not taken measures to exclude such recovery by limiting payments to cases of no liability or to require that credit be given if liability is established.[4] Absent such an exclusion, we find no reason to treat medical-payment provisions bought and paid for by a tortfeasor as affording different protection from that obtained by either an injured party himself, his employer, a member of his family, or by a third person, whether gratuitously furnished or otherwise.

We therefore hold that under the conditions here present the medical provisions of defendant's contract of insurance constitute a collateral source of payment, and up to the limits of the policy plaintiffs have a

---

[4] "* * * [I]t seems strange that some language could not have been chosen after all these years to clarify what the parties really intended." State Auto. & Cas. Underwriters v. Casualty Underwriters, Inc. 266 Minn. 536, 539, 124 N. W. (2d) 185, 187; Note, 1955 Wis. L. Rev. 484, 488; Katz, *Automobile Medical Payments Coverage—A Changing Concept?*, 28 Ins. Counsel J. 276, 278.

right to recover such medical expenses notwithstanding they were included in the recovery previously realized under the liability coverage.

Reversed.

MR. JUSTICE SHERAN took no part in the consideration or decision of this case.