13 Cal.App.3d 1 (1970)
91 Cal. Rptr. 726
ANN J. JONES, Plaintiff and Appellant,
v.
CALIFORNIA CASUALTY INDEMNITY EXCHANGE, Defendant and Respondent.
Docket No. 507.
Court of Appeals of California, Appellate Department, Superior Court, Santa Clara.
October 30, 1970.
*3 COUNSEL
Harold T. Faaland for Plaintiff and Appellant.
Neal A. Cabrinha for Defendant and Respondent.
OPINION
EVANS, J.
This is an appeal from a judgment of the Los Gatos-Campbell-Saratoga Judicial District Municipal Court denying appellant's recovery of $1,257.21 of medical expenses under the medical payment provision of a homeowner's insurance policy issued by respondent to Paul K. Young and Delores R. Young.
On May 6, 1968, on a sidewalk outside the Youngs' home in Los Gatos, a dog owned by the Youngs bit the appellant on the hand. As a result of this, appellant incurred reasonable and necessary medical expenses in the amount of $1,257.21. In a subsequent tort action against the Youngs for damages proximately caused by the dog bite, appellant recovered a verdict of $3,750 plus costs, which verdict included an award for appellant's medical expenses. Respondent defended this suit and satisfied the judgment pursuant to the liability provision of the Young's insurance policy.
The appellant, through her attorneys, then demanded payment of her medical expenses pursuant to the medical payment provision of the Youngs' policy. When payment was refused, this action was commenced. The respondent pleaded as an affirmative defense the former tort action and the recovery thereon.
(1) The medical payment provision of a liability insurance policy provides for payments up to a certain amount (usually $500 per person) for medical expenses incurred under conditions listed in the provision. This type of provision is most commonly found in automobile liability insurance policies, and all of the cases discussed herein involve automobile liability insurance policies.
There is no fault or liability connected with this provision. Anyone whose injury occurs in a manner covered by the provision is entitled to recover his medical expenses regardless of fault. The most common example is a passenger injured in an automobile accident while riding with the insured. Even though the accident may have occurred through no fault of the driver/insured, his insurance company is liable to the passenger under the medical payment provision for medical expenses arising out of his injuries *4 due to the accident. This is why such a provision is called a "no-fault" provision.
(2) In contrast, the liability provision is based on fault and requires the insurance company to defend the insured in any lawsuits brought against him arising out of areas covered by the insurance policy, and to satisfy any money judgments obtained against the insured through such lawsuits.
Usually, payment is made by the insurance company to the injured party for medical expenses incurred, pursuant to the medical payment provision of the policy. Then, at the subsequent tort suit for damages, proof of payment is offered and a credit is allowed that reduces the money judgment obtained by the amount of the previous medical expenses payment. This is to prevent a double recovery by the plaintiff from a source that the California courts consider not to be collateral (Dodds v. Bucknum (1963) 214 Cal. App.2d 206 [29 Cal. Rptr. 393]; Turner v. Mannon (1965) 236 Cal. App.2d 134 [45 Cal. Rptr. 831]).
(3a) In the present case, the tort suit and judgment came before any demand or payment pursuant to the medical coverage of the insurance policy. This complicating factor requires reasoning not present nor necessary in the Dodds and Turner cases, and involves a consideration of whether such a fact situation permits a double recovery on the part of the plaintiff. In other words, when a plaintiff obtains a tort judgment including medical expenses that is satisfied under the liability provision of an insurance policy, does the medical expenses portion of the judgment amount to a credit against the medical payment provision of the policy so as to preclude any further payment under that provision?
(4) That a credit can be obtained where payment for medical expenses by the insurance company is made before a tort judgment for damages is granted has already been established. This is so even though the prior payment for medical expenses and the satisfaction of the judgment are covered by two separate and distinct provisions of the insurance policy. (3b) This court can see no reason for reaching a different result when a judgment is obtained first and then a claim for medical expenses is made. This decision is compelled by the California courts' view of the collateral source rule.
(5) Stated simply, the collateral source rule provides that if a plaintiff receives some compensation for his injuries from a source wholly independent of the tortfeasor, such payment should not be deducted from the damages which the plaintiff would otherwise collect from the tortfeasor. The Supreme Court of California has long adhered to this doctrine (Peri v. L.A. Junction Ry. (1943) 22 Cal.2d 111, 131 [137 P.2d 441]) and has *5 reaffirmed it most recently (Helfend v. Southern Cal. Rapid Transit Dist. (1970) 2 Cal.3d 1, 6 [84 Cal. Rptr. 173, 465 P.2d 61]; De Cruz v. Reid (1968) 69 Cal.2d 217, 223-227 [70 Cal. Rptr. 550, 444 P.2d 342]).
This rule is commonly applied in cases where the injured party has his own insurance policy containing a medical payment provision. This was the situation in Helfend, supra, and the rule was there applied to prevent the defendant from reducing the damages collectible from him. To do otherwise would be to allow the defendant to profit from the plaintiff's prudence and, in a sense, from his own wrongdoing.
When it is applied, the collateral source rule does allow the plaintiff a double recovery. (However, many insurance policies, as in Helfend, contain a provision requiring reimbursement from the insured upon obtaining a money judgment including medical expenses.) As such, the rule reflects a potential conflict between guiding objectives of tort law. The first is to compensate the injured party, or make him whole. The second is to burden the tortfeasor with the loss. When the rule is applied, the first objective is exceeded in order to adhere to the second. However, this is the best result obtainable under the circumstances. As between the injured person and the tortfeasor, the equities definitely favor the former receiving a "windfall."
Appellant relies on a Wisconsin Supreme Court case (Severson v. Milwaukee Auto. Ins. Co. (1953) 265 Wis. 488 [61 N.W.2d 872, 42 A.L.R.2d 976]) and a Minnesota Supreme Court case (Beschnett v. Farmers Equitable Insurance Co. (1966) 275 Minn. 328 [146 N.W.2d 861]) to support her contention that she be allowed to recover again for her medical expenses under the medical payment provision of respondent's insurance policy. In both those cases, as here, a tort judgment including medical expenses was obtained and satisfied. Then, demand was made for payment under the medical coverage of the policy. In both those cases, recovery was granted for medical expenses under the medical coverage of the policy. In both cases, the court found the liability coverage and the medical payment coverage to be entirely separate and divisible. This was supported by each court's finding of two separate and distinct claims, one in tort (liability coverage) and one in contract (medical coverage) with the claimant as a third party beneficiary. Thus, the medical payment provision was found to be a separate agreement to pay under any circumstances.
These two cases are attractive in their similarity to the case in point, but cannot be followed here because of California's view of the collateral source rule. Dodds v. Bucknum, supra; Turner v. Mannon, supra; Helfend v. Southern Cal. Rapid Transit Dist., supra; and other California cases all require that to be a collateral source payment, it must be from a source wholly independent of the wrongdoer. An insurance policy taken out and *6 maintained by the wrongdoer is not wholly independent of him, and thus cannot be considered to be a collateral source.
The Minnesota court in Beschnett, supra, spoke directly to the problem when they stated at page 865 of the opinion, "We subscribe to the view that medical-payment provisions in a liability policy constitute a collateral source without reference to what party obtains and pays for the insurance." (146 N.W.2d at p. 865) This is directly in contravention to the California decisions in Dodds and Turner in that in Minnesota a credit or reduction would not be allowed even if payment pursuant to the medical coverage provision was made and proof of such offered in evidence before a judgment in tort for damages. The court in Severson, supra, does not speak at all of the collateral source rule, a deficiency that this court finds fatal to any relevancy that case might have to the case at bar. In a situation such as the court is presented with here, the applicability of the collateral source rule is inextricably bound up with the end result, so that a determination of whether the collateral source rule applies also necessarily determines the end result.
For the foregoing reasons, the judgment herein is affirmed, and respondent will have its costs.
Hall, P.J., and Anello, J., concurred.