**Dennis BRUWELHEIDE, Appellant,**

v.

**James GARVEY, et al., Respondents.**

**No. C8-90-1320.**

Court of Appeals of Minnesota.

Jan. 22, 1991.

Review Denied March 15, 1991.

Thomas R. Hughes, St. Paul, for appellant.

Eric J. Magnuson, Mary E. Pawlenty, Rider, Bennett, Egan & Arundel, Minneapolis, for respondents.

Considered and decided by KALITOWSKI, P.J., and FOLEY and NORTON, JJ.

## OPINION

FOLEY, Judge.

Appellant Dennis Bruwelheide challenges the trial court's reduction of a jury award for his past wage loss by the amount of his paid sick leave as a collateral source under Minn.Stat. § 548.36 (1988). We reverse.

## FACTS

Bruwelheide was injured when he tripped over logs that had piled up on a sidewalk in front of respondents James and Pamela Garvey's property. As a result, Bruwelheide lost 47 days of work. During this time, he received $5,602 sick leave pay from his employer.

Bruwelheide sued the Garveys for personal injury, alleging they were causally negligent in allowing logs to obstruct the sidewalk. The jury returned a special verdict finding the Garveys 90% at fault. The jury found Bruwelheide's past wage loss to be $7,000, but the trial court deducted $5,602 sick leave pay as a collateral source under Minn.Stat. § 548.36. Bruwelheide challenges this reduction.

## ISSUE

Did the trial court err by applying Minn. Stat. § 548.36 to sick leave that may be accumulated and cashed-out at retirement?

## ANALYSIS

The parties dispute whether sick leave pay is a collateral source. This issue appears to be a case of first impression in Minnesota.

Bruwelheide maintains the collateral source statute does not apply to his sick leave benefits because he would not get a double recovery. He argues the reduction deprives him of paid sick leave that he may need in the future or that could be accumulated and cashed-out at retirement.

The Garveys contend the trial court properly deducted Bruwelheide's sick leave. They maintain the sick leave pay is a collateral source because it constitutes wages

paid by Bruwelheide's employer when he was disabled.

Minn.Stat. § 548.36, subd. 2 provides:

In a civil action * * * when liability is admitted or is determined by the trier of fact, and when damages include an award to compensate the plaintiff for losses available to the date of the verdict by collateral sources, a party may file a motion * * * requesting determination of collateral sources. * * * the court shall determine:

(1) amounts of collateral sources that have been paid for the benefit of the plaintiff or are otherwise available to the plaintiff as a result of losses * * *;

Minn.Stat. § 548.36, subd. 1 defines collateral sources as

payments related to the injury or disability in question made to the plaintiff, or on the plaintiff's behalf up to the date of the verdict, by or pursuant to:

\* \* \* \* \* \*

(4) a contractual or voluntary wage continuation plan provided by employers * * * to provide wages during a period of disability, except benefits received from a private disability insurance policy where the premiums were wholly paid for by the plaintiff.

The collateral source statute was enacted in 1986 to partially abrogate a plaintiff's common law right to be overcompensated, to prevent double recoveries and to lower insurance premiums by deducting certain benefits received by a plaintiff. *Imlay v. City of Lake Crystal*, 453 N.W.2d 326, 331–332 (Minn.1990). Previously, common law provided that a damage award could not be reduced by compensation received from sources other than the defendant. *Id.* (citing *Hueper v. Goodrich*, 314 N.W.2d 828, 830 (Minn.1982)). However, the purpose of the collateral source statute is to keep a plaintiff from receiving a windfall at the tortfeasor's expense. *Johnson v. Consolidated Freightways, Inc.*, 420 N.W.2d 608, 614 (Minn.1988). Our task in interpreting the statute is to ascertain and effectuate the intent of the legislature. Minn.Stat. § 645.08 (1988).

Minn.Stat. § 548.36, subd. 1(4) specifically refers to disability pay rather than sick leave pay. A distinction can be drawn between the two. Disability pay is usually calculated from the amount of a yearly salary. It does not increase, unless the overall salary increases.

However, sick leave pay is calculated from the amount of time worked. Here, Bruwelheide is given bonus sick leave if he does not use the days to which he is entitled and he can exchange them for cash. This differs from disability pay. When a person retires, he usually is not entitled to a percentage of his salary if he has not used disability benefits. The benefits are foregone.

The statute also specifies a wage continuation plan, not sick leave. When sick leave can be cashed-out on retirement, it is not a wage continuation plan, but a benefit.

■ We find the sick leave pay in this case is not encompassed by the language of Minn.Stat. § 548.36. Therefore, the analysis used under the common law rule is instructive. For example, sick leave paid by an employer does not reduce a plaintiff's recovery. *Payne v. Bilco Co.*, 54 Wis.2d 424, 433, 195 N.W.2d 641, 647 (1972). The right to payment for sick leave is earned as part of the employee's compensation. *Cincinnati Bell, Inc. v. Hinterlong*, 70 Ohio Misc. 38, 47–8, 437 N.E.2d 11, 17 (1981) (citing *Rigney v. Cincinnati St. Ry. Co.*, 99 Ohio App. 105, 112, 131 N.E.2d 413, 417 (1954)). A plaintiff is entitled to compensation if he is forced to use his sick leave as a result of the defendant's negligence. *Cincinnati Bell*, 70 Ohio Misc. at 47–8, 437 N.E.2d at 17; *see also* Annotation, *Receipt of Compensation From Consumption of Accumulated Employment Leave, Vacation Time, Sick Leave Allowance or the Like as Affecting Recovery Against Tortfeasor*, 52 A.L.R.2d 1443 (1957). If the plaintiff makes advantageous employment arrangements for sick leave benefits, it is not a collateral source. Restatement (Second) of Torts § 920A comment b (1979).

Bruwelheide's arrangement with his employer provided that he earned five hours

of sick leave benefits for each month of service. If he did not use his sick leave benefits each month, he received an extra seven hours of sick leave benefits in reserve each month. The benefits could be used for injury, illness and child care, or, when Bruwelheide retired, he would be entitled to be paid in cash for any sick leave that had accumulated.

Because Bruwelheide can cash-out his sick leave at retirement, he had a financial interest in this benefit. The cash-out provision was the employer's incentive to its employees not to use sick leave. However, when Bruwelheide used his sick leave benefits in recovering from his injuries, he diminished the sick leave available for future injury, illness and child care or to cash-out on retirement.

Bruwelheide also asserts that, if sick leave pay is a collateral source under Minnesota statutes, then Minn.Stat. § 548.36 is unconstitutional. Because we hold Bruwelheide's sick leave pay is not a collateral source under Minn.Stat. § 548.36, we do not reach this question.

## DECISION

Bruwelheide's sick leave pay does not give him double recovery. He earned the right to payment as a part of his employee compensation, is entitled to it, and should not be forced to forego this benefit. We hold Bruwelheide's recovery should not be diminished by the amount of sick leave paid to him.

Reversed.