687 A.2d 1099

ANNA MARIA MEOLA, PLAINTIFF, v. PHYLLIS O. ZIMAN, ET AL., DEFENDANTS.

Superior Court of New Jersey
Law Division Civil Action
Union County

November 6, 1996.

*Michael A. Querques,* P.C., for plaintiff. (*Alfred I. Bernstein,* on the brief).

*Peter T. Melnyx,* (*Hack, Piro, O'Day, Merklinger, Wallace & McKenna* ) for defendant Phyllis O. Ziman.

*Robert Cox,* (*McCreedy & Cox* ) for defendant Michael Meola.

MENZA, J.S.C.

The question in this case is whether an employee's sick time, and an employer's allowance of wages to an employee for personal days and family illness, are collateral sources for which defendant is entitled to a credit against a claim for lost wages pursuant to *N.J.S.A.* 2A:15–97.

Plaintiff was a passenger in an automobile which was involved in an accident that resulted in her sustaining injuries. She contends that her injuries caused her to lose time from work, for which she seeks compensation from defendant tortfeasor. The owner and driver of the auto in which plaintiff was a passenger, plaintiff's husband, did not have Income Continuation Insurance Coverage and thus said coverage was not available to plaintiff. Plaintiff has therefore made a claim against the defendant for her lost wages.

Defendant contends that the plaintiff's lost wage claim is subject to the statutory collateral source rule and that her sick pay and the wages she received for her personal days and family illness days are therefore to be divulged to the jury and ultimately deducted from any award that she may receive compensating her for lost wages.

The collateral source statute, *N.J.S.A.* 2A:15–97, provides in pertinent part:

> ... if a plaintiff receives or is entitled to receive benefits for the injuries allegedly incurred from any other source other than a joint tort feasor, the benefits, other than workers' compensation benefits or the proceeds from a life insurance policy, shall be disclosed to the court and the amount thereof which duplicates any benefit contained in the award shall be deducted from any award recovered by the plaintiff, less any premium paid to an insurer directly by the plaintiff or by any member of the plaintiff's family....

*Kiss v. Jacob*, 268 *N.J.Super.* 235, 633 *A*.2d 544 (App.Div.1993) sets forth the purpose of the statute:

> The overriding legislative intent of the Legislature in adopting *N.J.S.A.* 2A:15–97 was to prevent a claimant from receiving benefits beyond the damages awarded under a judgment entered and to relieve defendants and insurance companies from having to compensate plaintiffs for damages in excess of the total amounts of their losses.
>
> [*Id.* at 246, 633 *A*.2d 544].

Put another way, the Legislature intended that the claimant should not receive duplicate benefits. The question then, is whether compensation for lost wages and receipt of compensation for sick time and for personal days and family illness days, constitute duplicate benefits. At first blush it would appear so. Cases have held that social security payments, (*Thomas v. Toys "R" Us, Inc.*, 282 *N.J.Super.* 569, 660 *A*.2d 1236 (App.Div.1995)), to which a person obviously contributes, and insurance proceeds, for which a party pays premiums, are collateral sources which fall within the contemplation of the statute.

Although there are no New Jersey cases which have addressed this question, there are a few cases in other jurisdictions which have addressed it.

In *Bruwelheide v. Garvey*, 465 *N.W.*2d 96 (Minn.App.1991), the Minnesota Court of Appeals held that sick leave pay received by a worker, which could be accumulated and cashed out upon retirement, was not a "collateral source" under Minnesota's collateral source statute, a statute similar to the New Jersey statute. In that case, the plaintiff was injured as a result of a fall and lost 47

days of work for which he received sick leave pay from his employer.

The court stated:

> Bruwelheide's sick leave pay does not give him double recovery. He earned the right to payment as a part of his employee compensation, is entitled to it, and should not be forced to forego this benefit. We hold Bruwelheide's recovery should not be diminished by the amount of sick leave paid to him.
>
> [*Id.*]
>
> Because Bruwelheide can cash-out his sick leave at retirement, he had a financial interest in this benefit.... when Bruwelheide used his sick leave benefits in recovering from his injuries, he diminished the sick leave available for future injury, illness and child care or to cash-out on retirement.
>
> [*Id.* at 99.]

*See also Siemes v. Englehart,* 346 *S.W.*2d 560 (Mo.App.1961), *Rigney v. Cincinnati Street Railway Co.,* 99 *Ohio App.* 105, 131 *N.E.*2d 413 (1954) and cases collected therein.

And in the treatise *American Jurisprudence,* the author states:

> The reason amounts paid pursuant to one of these benefit plans should not be deducted from the plaintiff's recovery from the tortfeasor is that the right to payment was earned as part of the employee's compensation prior to the injury. In addition, the plaintiff is entitled to compensation on the theory that he was forced to use some of his sick leave entitlement as a result of the defendant's negligence.
>
> [22 *Am.Jur.*2d, Sec 576, p. 647.]

This court agrees with the author's reasoning in *Am.Jur.* and the holding of *Bruwelheide.* Here, just as in *Bruwelheide,* the tortfeasor's actions caused the plaintiff to exhaust her accumulated sick leave time and her personal and family illness days. Even though the plaintiff received compensation for the time she missed from work, she surrendered benefits in return for that compensation. She can no longer use that sick leave time or her personal or family illness days in the event of future injury or illness, or to cash-out on retirement.

Since the plaintiff has given something away in exchange for compensation during the time she missed from work, recovery for lost wages from the defendant would not be a duplicate recovery prohibited by *N.J.S.A.* 2A:15–97.

Therefore, this court holds that such sick pay and compensation for personal days and family illness days are not benefits within the contemplation of the statute and, thus, cannot be used as a set-off against any compensation she may receive from her lost wages claim.