Randall SMITH, Appellant,

v.

AMERICAN STATES INSURANCE
COMPANY, Respondent.

No. C5–98–1132.

Court of Appeals of Minnesota.

Dec. 8, 1998.

Mark R. Kosieradzki, Kosieradzki & Assocs., Minnetonka, MN; and Logan N. Foreman, III, Minneapolis, MN (for appellant).

Richard P. Mahoney, Victor E. Lund, Mahoney, Dougherty and Mahoney, Minneapolis, MN (for respondent).

Considered and decided by KLAPHAKE, P.J., KALITOWSKI and DAVIES, JJ.

## OPINION

KLAPHAKE, Judge.

Appellant Randall Smith brought this contract action against respondent American States Insurance Company (American States) for disability benefits for the period from August 6, 1991 to March 1, 1995. On appeal from a grant of summary judgment to American States, Smith argues that Minn. Stat. § 548.36 (1996), the collateral source statute, only requires deduction of payments made prior to a verdict and that it does not extinguish his right under the insurance contract to collect disability benefits from American States. We agree and reverse.

## FACTS

Smith, who was disabled as a result of injuries received in an automobile accident on March 13, 1990, was insured at the time under a disability policy issued by American States. From March 13, 1990 through August 6, 1991, American States paid Smith $800 per month for a total of $12,800 in disability benefits, but it discontinued benefits on that date based on Smith's failure to document his continued entitlement to benefits.

Smith sued the driver of the other vehicle. On February 24, 1995, a jury returned a verdict in Smith's favor for $301,500, an amount that included $127,500 for loss of earnings. The trial court reduced the ver-dict by $20,000, pursuant to the no-fault set-off provision, Minn.Stat. § 65B.51, subd. 1 (1996); the court also reduced the verdict by $12,800, the amount of disability benefits paid by American States, pursuant to the collateral source statute, Minn.Stat. § 548.36, subd. 2 (1996). After motions for a new trial and JNOV were denied, the tort action was settled for an amount less than the verdict.

On March 1, 1995, Smith reinstated his claim for disability benefits and American States began to pay monthly benefits. American States refused, however, to pay benefits for the period from August 6, 1991 to March 1, 1995, claiming that the verdict and collateral source statute extinguished Smith's disability claim for that period.

Smith brought this contract action against American States, seeking to recover disability benefits for the period from August 1991 to March 1995. In denying Smith's motion for summary judgment and granting summary judgment to American States, the district court essentially agreed with Smith that the collateral source statute only applies to payments made prior to a verdict. The court nevertheless concluded that allowing Smith to recover benefits, which were discontinued only after Smith had failed to file further proof of continuing disability, would result in a double recovery and windfall.

## ISSUES

I. Does the collateral source statute apply in this case?

II. If not, is Smith precluded from recovering benefits under either the common law collateral source rule or the terms of the disability insurance policy?

## ANALYSIS

■ Summary judgment is proper if there are no genuine issues of material fact and either party is entitled to judgment as a matter of law. Minn. R. Civ. P. 56.03. Although Smith was the moving party and American States did not affirmatively seek summary judgment, a district court has inherent power to grant summary judgment to either party on its own motion. *See Del*

*Hayes & Sons, Inc. v. Mitchell,* 304 Minn. 275, 280, 230 N.W.2d 588, 591–92 (1975).

## I.

In 1986, Minnesota adopted a collateral source statute, which requires a court to reduce a civil damage award by amounts of collateral sources, which are defined as

> payments related to the injury or disability in question made to the plaintiff, or on the plaintiff's behalf *up to the date of the verdict,* by or pursuant to:
>
> * * *
>
> (4) a contractual or voluntary wage continuation plan provided by employers or any other system intended to provide wages during a period of disability, except benefits received from a private disability insurance policy where the premiums were wholly paid for by the plaintiff.[1]

Minn.Stat. § 548.36, subd. 1(4) (1996) (emphasis added); *see* 1986 Minn. Laws ch. 455, § 80.

■ The language in the collateral source statute clearly and unambiguously allows deduction only for "payments * * * made to the plaintiff * * * up to the date of the verdict." Minn.Stat. § 548.36, subd. 1; *see also Western Nat'l Mut. Ins. Co. v. Casper,* 549 N.W.2d 914, 916 (Minn.1996) ("statute defines 'collateral sources' as payments related to the injury and paid to the plaintiff up to the date of the verdict"). Because the statute expressly does not apply to payments not yet received, whether due to an insurer's denial of coverage or discontinuation of payment based on an insured's failure to show continued entitlement to those benefits, it does not apply to the claim made by Smith in this case.

## II.

■ While a primary purpose of the collateral source statute is to prevent double recoveries by a plaintiff, the statute does not prohibit double recoveries in all instances. *See Imlay v. City of Lake Crystal,* 453 N.W.2d 326, 331 (Minn.1990) (statute "abrogate[s] a plaintiff's common law right to be over-compensated and now prevent[s] double recoveries *in many circumstances* by requiring the deduction from the verdict of *certain benefits* received by a plaintiff") (emphasis added). When payments are not subject to the statutory deduction, the common law collateral source rule still applies. *See, e.g., Duluth Steam Coop. Ass'n v. Ringsred,* 519 N.W.2d 215, 217 (Minn.App.1994) (payments for property damage not subject to statutory deduction but remain subject to common law rule); *Bruwelheide v. Garvey,* 465 N.W.2d 96, 98 (Minn.App.1991) (sick leave payments not encompassed by language of statute, which only "partially abrogate[s] a plaintiff's common law right to be overcompensated"), *review denied* (Minn. Mar. 15, 1991).

■ Under the common law collateral source rule,

> if the plaintiff's special damages * * *, such as hospital or medical expenses or loss of wages, are paid for by some third person, either as a gift or on the basis of some contractual obligation, this circumstance does not bar the plaintiff from recovering this item from the defendant, even though it may in effect accord to the plaintiff a double benefit or a double recovery.

*Beschnett v. Farmers Equitable Ins. Co.,* 275 Minn. 328, 332, 146 N.W.2d 861, 864 (1966) (citation omitted). One purpose of the rule is punitive: although a plaintiff may receive a double recovery, the rule "requires that a wrongdoer pay for the full extent of the damages he has caused." *Hubbard Broadcasting, Inc. v. Loescher,* 291 N.W.2d 216, 222 (Minn.1980). Another is that when a plaintiff has paid for a benefit such as insurance, he should be reimbursed for that payment and the wrongdoer should not receive a windfall. *Hueper v. Goodrich,* 314 N.W.2d 828, 830 (Minn.1982).

American States argues that even assuming the common law rule applies, Smith still does not have the right to collect damages twice—first from the tortfeasor and then from his disability insurer. As support for its position that a plaintiff cannot recover

---

1. Although not addressed by either party, we assume that Smith's employer paid the premiums for the disability insurance policy in this case.

twice for the same injury, American States cites *Gronquist v. Olson,* 242 Minn. 119, 126, 64 N.W.2d 159, 164 (1954) and *Strand v. Illinois Farmers Ins. Co.,* 429 N.W.2d 266, 270 (Minn.App.1988). These two cases, however, involve a plaintiff settling in full with a joint tortfeasor and being precluded from pursuing the other tortfeasor for the same damages (*Gronquist*), and a plaintiff being precluded from recovering the surplus caused by his medical insurer's exercise of its subrogation rights and settlement with his automobile insurer for less than what his medical insurer paid out (*Strand*). These subrogation cases are much different from the situation here, where the insured seeks to recover disability benefits from an insurer on a contract theory rather than based on the underlying tort.

■ American States easily could have drafted its policy to preclude Smith's recovery in this case. Although the policy allows for deduction of social insurance benefits received under workers' compensation or social security, it does not require deduction of amounts recovered in a tort action against any third-party tortfeasor. Nor does the policy preserve any subrogation rights American States might have against a tortfeasor.

Smith basically had two distinct claims: one in tort against the tortfeasor and the other in contract against American States. As between the insurer and the injured party, "it seems more just that the insured [deserves preference and should receive the benefits] rather than that the insurer should escape liability for that for which it collected a premium." *Van Tassel v. Horace Mann Ins. Co.,* 296 Minn. 181, 187, 207 N.W.2d 348, 352 (1973) (where insured separately purchased medical insurance to cover expenses actually incurred, without regard for fault or recovery from tortfeasor, insurer cannot use availability of that insurance to dilute uninsured motorist coverage). Smith is not precluded from recovering on both contract and tort claims. Neither statutory nor common law collateral source rules apply, and the terms of the insurance policy include no subrogation right or priority clause.

## DECISION

The district court's grant of summary judgment to American States is reversed. The collateral source statute does not apply to this case, and Smith is not prohibited from recovering benefits for the period in question here either by common law or by the language of the disability insurance policy.

**Reversed.**