[Civ. No. 45280. First Dist., Div. Four. May 18, 1979.]

GEORGE S. NOLTE CONSULTING CIVIL ENGINEERS, INC.,
Plaintiff and Appellant, v.
EMIL MAGLIOCCO, Defendant and Respondent.

## COUNSEL

Myers, Hawley, Morley & Beban and Paul I. Myers III for Plaintiff and Appellant.

Goldstein, Barceloux & Goldstein, P. M. Barceloux, Burton J. Goldstein, Ralph Golub, Keith S. Humpherys, Ronald E. Stewart and M. Reed Hunter for Defendant and Respondent.

## OPINION

**CHRISTIAN, J.**—George S. Nolte Consulting Civil Engineers, Inc., judgment creditor of respondent Emil Magliocco, appeals from an order directing entry of satisfaction of judgment, releasing a lien, and awarding damages and attorney's fees to respondent (see Code Civ. Proc., § 675).

Respondent owned realty in Woodside. Appellant did engineering work for a proposed development of the property. Litigation ensued. In December 1970, the parties approved and the trial court entered a stipulated judgment. The judgment ordered respondent to pay appellant $6,000, and provided for a $4,000 contingent liability if appellant's plans

were used to develop the property. The stipulated judgment provided in relevant part: "[P]laintiff, GEORGE S. NOLTE CONSULTING CIVIL ENGINEERS, INC., a corporation have and recover of and from defendant EMIL MAGLIOCCO, the sum of $6,000.00; provided, however, that said judgment shall be increased by the additional sum of $4,000.00 at such time as the real property . . . is developed substantially in accordance with and with the use of plaintiff's plan." Respondent paid appellant the $6,000 shortly after the trial court entered the judgment. The court entered a partial satisfaction of judgment as to that amount, which is not at issue here.

Respondent never received a full set of plans from appellant. After entry of the stipulated judgment, respondent conveyed all of the subject realty to various third parties. These property owners never received appellant's plans. The property was developed in a manner inconsistent with appellant's plans. The plans were not used in developing the property. Respondent had no intention of reacquiring any of the property, or of ever using appellant's plans.

Respondent entered into negotiations with appellant to be relieved of the contingent liability. The parties were unable to reach an agreement as to the value of that liability. Respondent did not pay appellant any part of the contingent liability. Instead, he moved for entry of a satisfaction of judgment. After taking evidence, the trial court made findings of fact and conclusions of law and directed entry of satisfaction of judgment releasing the judgment lien on the property and awarding respondent $250 in damages and $750 in attorney's fees. The present appeal followed.

■ Appellant argues that the trial court erred when it concluded that respondent had satisfied the stipulated judgment in full. This contention cannot be sustained. A court may order entry of satisfaction of judgment whenever a judgment is satisfied in fact. (See Code Civ. Proc., § 675, subd. (a). See generally 5 Witkin, Cal. Procedure (2d ed. 1971) pp. 3573-3576.) The trial court found, on substantial evidence, that respondent had conveyed all of the property covered by respondent's plans to third parties, and that "it is extremely improbable that respondent will ever reacquire the property, and even more improbable that he will ever utilize the plans." The trial court reasonably could conclude that the

condition precedent of using appellant's plans would not occur, and that the $4,000 contingent liability therefore would not mature. The court reasonably could conclude that the discounted present value of the $4,000 contingent liability approached zero. The court therefore did not err when it found that respondent had satisfied the stipulated judgment in full by paying the $6,000 element alone.

If the court had not entered the satisfaction of judgment, appellant could have used the worthless $4,000 contingent liability to impede future transfers of the subject property, or to harass respondent into paying off appellant to clear the record title. ■ A judgment creditor may not refuse to acknowledge satisfaction of a judgment without just cause (See Code Civ. Proc., § 675, subds. (b), (c), (d)). In determining whether a judgment has been satisfied in fact under section 675, a court may take into account whether the judgment would otherwise remain unsatisfied indefinitely, impairing the debtor's credit, deterring others from trading with the debtor, or restraining the alienation of property subject to the judgment. (See *Yanchor* v. *Kagan* (1971) 22 Cal.App.3d 544, 552 [99 Cal.Rptr. 637]. See generally 3 Witkin, Summary of Cal. Law (8th ed. 1973) pp. 2023-2032.) By entering the satisfaction of judgment in this case, the trial court removed a cloud on the title to, and promoted the free transferability of, the subject property.

The court also ordered that if the property is ever developed substantially in accordance with, and with the use of, appellant's plans, then respondent shall be personally liable to appellant for $4,000. This disposition is theoretically inconsistent with the determination that the contingent liability was worthless. However, the court acquiesced in this provision only at the suggestion of the attorneys for both sides to protect any hypothetical interest of appellant. There was no error.

■ Appellant also challenges the award to respondent of $250 in damages and $750 in attorney's fees. The grounds on which appellant challenges the award are not clear. A court may award damages to a judgment debtor if the creditor refuses to acknowledge the satisfaction of judgment without just cause (see Code Civ. Proc., § 675, subds. (b), (c), (d)). The trial court stated that appellant's refusal to acknowledge satisfaction of the judgment was unreasonable. Under section 675, subdivision (g), a court must award attorney's fees in any action brought

under subdivision (b), (c), (d), or (f). Appellant has not demonstrated that the trial court abused its discretion when it awarded damages and attorney's fees to respondent.

The order is affirmed.

Caldecott, P. J., and Poché, J., concurred.