[No. B025212. Second Dist., Div. Seven. Sept. 22, 1987.]

LOLA PIERSON, Plaintiff and Appellant, v.
BRIAN HONDA, Defendant and Respondent.

**COUNSEL**

Robert S. Fink and Fred B. Hovey III for Plaintiff and Appellant.

Berger, Kahn, Shafton & Moss and Michael J. Aiken for Defendant and Respondent.

## OPINION

**JOHNSON, J.**—Lola Pierson appeals from the judgment granting Brian Honda a setoff for sums already paid against an arbitration award. The issue on appeal is whether the trial court acted within its jurisdiction when it applied a setoff against the award. For the reasons set forth below, we conclude the trial court did not have jurisdiction to correct or modify the award and reverse.

### STATEMENT OF FACTS AND PROCEEDINGS BELOW

The parties were involved in an automobile accident. Pierson filed suit for damages for personal injuries and property damage. The matter was sent to judicial arbitration pursuant to section 1141.10 (Code Civ. Proc.)[1] and rule 1605 (Cal. Rules of Court) on March 12, 1986. Judgment was rendered in favor of plaintiff Pierson against defendant Honda for $4,263.71.

On April 9, 1986, Honda's attorney wrote a letter to the arbitrator seeking clarification of the award. In particular he wanted to know whether the arbitration award included compensation for plaintiff's property damage since plaintiff had submitted to the arbitrator a statement from Fairmount Tire and Rubber Company for $106.27 and an automobile repair estimate for $912.02. Honda's attorney stated in his letter to the arbitrator he was unaware at the time of the arbitration proceeding plaintiff had previously settled her claim for property damage with defendant's insurance carrier. He further stated he had only later learned from plaintiff's attorney that the arbitrator had been advised at the proceeding about the property damage settlement.

The arbitration award became final since neither party requested a trial de novo within 30 days from the filing of the arbitration award (§ 1141.20, subd. (a)). On April 21, 1986, the arbitrator advised Honda's attorney by letter his records did not "reflect one way or another, whether or not Mr. Fink told me that plaintiff's property damage bills had been paid by the insurance carrier. However, based upon my computation, I do not believe I included the property damage in my award."

---

[1] All subsequent statutory references are to the Code of Civil Procedure unless otherwise indicated.

On September 15, 1986, approximately six months after the arbitration award had been made, plaintiff acknowledged partial satisfaction of the judgment in the amount of $3,245.42. On October 29, 1986, defendant moved (§ 724.050) for an order compelling acknowledgment of full satisfaction of the judgment claiming he was entitled to offset from the award the amount of property damage claimed by plaintiff.

A hearing on the motion was held on November 18, 1986. The trial court determined defendant Honda was entitled to a setoff for the property damages settlement.[2] It refused to consider the arbitrator's statement he probably had not included property damages in the award. The court reasoned the entire complaint was before the arbitrator, and thus he must have necessarily included the property claim in the award. Pierson appealed.

## I. THE TRIAL COURT DID NOT HAVE JURISDICTION TO MODIFY THE ARBITRATION AWARD.

 Defendant would have us review this case as a simple request for credit for monies paid to plaintiff. He emphasizes the motion before the trial court was to compel plaintiff to acknowledge satisfaction of judgment pursuant to section 724.050.[3] The trial court may order entry of satisfaction of a judgment if it has been satisfied in fact. (*George S. Nolte Consulting Civil Engineers, Inc.* v. *Magliocco* (1979) 93 Cal.App.3d 190, 193 [155 Cal.Rptr. 348] citing former § 675, subd. (a); *Yanchor* v. *Kagan* (1971) 22 Cal.App.3d 544, 550-551 [99 Cal.Rptr. 367].)[4] However, the arbitrator's award is silent as to whether it included the property damage claim which plaintiff previously settled with defendant's insurance company or only the personal injury claim. Accordingly, the trial court could not know whether to count the settlement figure toward the satisfaction of the arbitration award without modifying the award to specify it indeed included compensa-

---

[2] The record indicates Pierson had actually been paid $840.23 for property damages, but the trial court allowed defendant to offset $1018.29 which was the amount claimed in property damages at the arbitration proceeding.

[3] Section 724.050, subdivision (d) states: "If the judgment creditor does not comply with the demand within the time allowed, the person making the demand may apply to the court on noticed motion for an order requiring the judgment creditor to comply with the demand. The notice of motion shall be served on the judgment creditor. Service shall be made personally or by mail. If the court determines that the judgment has been satisfied and that the judgment creditor has not complied with the demand, the court shall either (1) order the judgment creditor to comply with the demand or (2) order the court clerk to enter satisfaction of the judgment."

[4] Although section 724.050 does not expressly state satisfaction of the judgment must be shown "in fact" we conclude a reasonable reading of the section requires the trial court find actual satisfaction of the judgment.

tion for the property damage claim. But did the court have power to modify the arbitrator's award?

■ Plaintiff contends the trial court improperly modified the judicial arbitration award because it had no subject matter jurisdiction under the judicial arbitration statutory scheme (§ 1141.10 et seq.) or Judicial Council rules. We agree with plaintiff the trial court proceeded without jurisdiction when it applied the setoff to the arbitration award. ■ Because the matter arose in the context of judicial arbitration we are constrained, as was the trial court, to review the matter pursuant to the applicable statutory scheme.[5] ■ We conclude the trial court's action constituted an improper modification of the award under section 1141.23 even though it purported to rule on satisfaction of judgment.

Section 1141.23 states in pertinent part: "If there is no request for a de novo trial [within 30 days of the filing of the award] and the award is not vacated, the award shall be entered in the judgment book in the amount of the award. Such award shall have the same force and effect as a judgment in any civil action or proceeding, *except that it is not subject to appeal* and it may not be attacked or set aside *except as provided by Section 473, 1286.2, or Judicial Council rule* [italics added]."

The record shows neither party requested a trial de novo within 30 days following filing of the award. Consequently it became final and could not be attacked or set aside except as provided in sections 473 or 1286.2 or by Judicial Council rule.

Rule 1615(d), which is the applicable Judicial Council rule, states: "A party against whom a judgment is entered pursuant to an arbitration award may, within six months after its entry, move to vacate the judgment on the ground that the arbitrator was subject to a disqualification not disclosed before the hearing and of which the arbitrator was then aware, or upon one of the grounds set forth in section 473 or subdivisions (a), (b), and (c) of section 1286.2 of the Code of Civil Procedure, and upon no other grounds. The motion shall be heard upon notice to the adverse parties and to the arbitrator, and may be granted only upon clear and convincing evidence that the grounds alleged are true, and that the motion was made as soon as

---

[5] Just as review of a general arbitration award is restricted by statute (*Severtson* v. *Williams Construction Co.* (1985) 173 Cal.App.3d 86, 92-93 [220 Cal.Rptr. 400]), we must limit our inquiry to specified statutory grounds.

practicable after the moving party learned of the existence of those grounds."

Rule 1615 succinctly states the grounds for vacation of an arbitration award. Defendant did not move within six months from the entry of judgment to vacate the award on the basis the arbitrator was subject to disqualification or pursuant to section 473 on the basis of mistake, inadvertence, surprise or excusable neglect. Neither did Honda claim within six months of the entry of the judgment, nor does he provide support in the record now, the judgment should be vacated because of corruption, fraud or undue means on Pierson's part or on the grounds of corruption or misconduct on the part of the arbitrator as required by section 1286.2, subdivisions (a)-(c).[6] Even in his letter to the arbitrator, Honda's attorney expressed no doubts opposing counsel had advised the arbitrator of the property settlement even though he personally was unaware of it.

Although Honda could have moved to vacate or set aside the award within 30 days from its filing by requesting a trial de novo or have proceeded under sections 473 or 1286.2 within six months from the entry of judgment, he moved to compel satisfaction of the judgment by claiming he was entitled to offset the amount of property damage *claimed by plaintiff* at the arbitration proceeding. Honda had two bites at the apple to attack the arbitration award but instead sought to circumvent the statutory scheme entirely by seeking to change the award by claiming a right to setoff. This we hold the law does not allow.

## II. THE TRIAL COURT DID NOT HAVE JURISDICTION TO CORRECT THE ARBITRATION AWARD.

■ Finally we conclude the trial court had no jurisdiction to correct the arbitration award. Although section 1141.22 states Judicial Council rules shall specify the grounds for correcting or modifying an award, the rules do not expressly provide for this contingency. Further, because section 1141.23 does not expressly incorporate section 1286.6, we can only conclude the trial court had no subject matter jurisdiction to correct a judicial arbitration award. Accordingly, it was not in a position to rule the award included compensation for the property damage claim and thus had been satisfied, in part, by the insurance company's payment in settlement of that claim.

---

[6]Section 1286.2 provides in pertinent part the trial court shall vacate the award if it determines "(a) The award was procured by corruption, fraud or other undue means; (b) There was corruption in any of the arbitrators; (c) The rights of such party were substantially prejudiced by misconduct of a neutral arbitrator; . . . "

## Disposition

The judgment is reversed. The judgment against defendant is reinstated in the amount of $4,263.71 with $1,018.29 still owing to plaintiff. Plaintiff is to receive costs on appeal.

Lillie, P. J., and Thompson, J., concurred.