[No. B060214. Second Dist., Div. Seven. Oct. 6, 1992.]

URSULA W. SCHUMACHER, Plaintiff and Appellant, v.
ALICIA PILAR AYERVE, Defendant and Respondent.

COUNSEL

Joyce R. Lanza for Plaintiff and Appellant.

Gilbert, Kelly, Crowley & Jennett, Clifford H. Woosley and Susan L. Goldenberg for Defendant and Respondent.

OPINION

**JOHNSON, J.**—In this case the trial court allowed an offset against an arbitration award in favor of appellant for medical payments previously paid by respondent's insurer and ordered that satisfaction of judgment be entered.

We find the trial court had no basis for finding the judgment was in fact satisfied and reverse the judgment.

### FACTS AND PROCEEDINGS BELOW

Appellant filed a personal injury action as a result of an automobile accident. Appellant, Ursula W. Schumacher, was a passenger in a vehicle driven by respondent, Alicia Pilar Ayerve.

After appellant filed suit, respondent's insurer issued two drafts to appellant totalling the full $5,000 available under the medical payment provision of respondent's insurance policy.

Pursuant to court order, the matter was arbitrated on April 26, 1990, before retired Judge Howard D. McClain. Respondent stipulated to liability for the accident in exchange for appellant's promise not to seek punitive damages. Consequently, the only issue submitted for arbitration was the amount of appellant's damages. Although a representative of the insurer was present at the arbitration proceedings, no evidence was presented of the earlier $5,000 payment for medical expenses.

On May 1, 1990, the arbitrator rendered an award for appellant and against respondent in the amount of $35,000. Neither party requested a trial de novo within the statutory 30 days. (Code Civ. Proc., § 1141.20, subd. (a).) Consequently, on June 1, 1990, judgment was entered in favor of appellant and against respondent in the amount of $35,000.

On June 11, 1990, respondent's insurer sent appellant a draft in the amount of $30,000, representing the amount of the award, less the previous medical payment for $5,000. However, appellant refused to execute a satisfaction of judgment, claiming entitlement to the full $35,000 judgment. In October 1990, respondent again requested that appellant execute a satisfaction of judgment. Appellant responded by providing a partial satisfaction of judgment, acknowledging $30,000 in payment against the award and payment of costs.

On February 15, 1991, and after the judgment became final, respondent filed a motion to compel appellant to execute a satisfaction of judgment.

After a hearing on respondent's motion, the trial court allowed the offset for $5,000 in medical payments the insurer paid before the arbitration proceedings against the arbitrator's award of $35,000 and ordered entry of satisfaction of judgment. This appeal followed.

## DISCUSSION

*There Was No Factual Basis for the Trial Court to Find the Judgment Was Actually Satisfied.*

Under Code of Civil Procedure section 724.050, subdivision (d), the trial court may order entry of satisfaction of a judgment. That section provides: "If the judgment creditor does not comply with the demand within the time allowed, the person making the demand may apply to the court on noticed motion for an order requiring the judgment creditor to comply with the demand. . . . If the court determines that the judgment has been satisfied and that the judgment creditor has not complied with the demand, the court shall either (1) order the judgment creditor to comply with the demand or (2) order the court clerk to enter satisfaction of the judgment."

■ This section has been interpreted to require the trial court to first determine whether the judgment has been satisfied in fact before ordering entry of satisfaction of judgment. (*Pierson* v. *Honda* (1987) 194 Cal.App.3d 1411, 1414, fn. 4 [240 Cal.Rptr. 148] ["Although section 724.050 does not expressly state satisfaction of the judgment must be shown 'in fact' we conclude a reasonable reading of the section requires the trial court find actual satisfaction of the judgment."]; *George S. Nolte Consulting Civil Engineers, Inc.* v. *Magliocco* (1979) 93 Cal.App.3d 190, 193 [155 Cal.Rptr. 348] ["A court may order entry of satisfaction of judgment whenever a judgment is satisfied in fact."], citing Code Civ. Proc., former § 675, subd. (a).)

■ Respondent concedes if the trial court had to imply or assume the arbitration award included specific damages which were not apparent on the face of the award then the trial court's order entering satisfaction of judgment would indeed be an unauthorized modification of the award. (*Pierson* v. *Honda, supra,* 194 Cal.App.3d at p. 1414; Code Civ. Proc., § 1286.2 [proper grounds for vacation of award]; Code Civ. Proc., § 1286.6 [proper grounds for correction of award]; Code Civ. Proc., § 473 [relief for mistake, inadvertence, surprise or excusable neglect]; Cal. Rules of Court, rule 1615(d) [proper grounds to vacate ensuing judgment from arbitration award].) However, respondent argues the offset of $5,000 in medical payments was not an improper modification of the judgment because the entire award of $35,000 was unambiguously for appellant's "personal injury claim." This argument merely begs the question.

Both parties rely on our earlier decision in *Pierson* v. *Honda, supra,* 194 Cal.App.3d 1411. In that case plaintiff received an arbitration award for

personal and property damage sustained as a result of an automobile acci-
dent. The arbitration award became final because neither party requested a
trial de novo within 30 days from the filing of the arbitration award (Code
Civ. Proc., § 1141.20, subd. (a)). The defendant paid the award except for an
amount already paid plaintiff for property damage by his insurer. However,
upon inquiry by defendant's counsel, the arbitrator advised he did not
believe the award included any amount for property damage. Defendant
nevertheless moved for an order compelling acknowledgement of full satis-
faction of the judgment claiming he was entitled to an offset against the
award for the property damage payment. The trial court found defendant was
entitled to an offset for the property damage settlement by assuming the
arbitrator probably included property damage in his award.

We reversed, holding the trial court could not find as a fact the judgment
included an amount for property damage because the arbitration award was
silent as to whether it included the property damage claim which the plaintiff
previously settled with defendant's insurer. We noted a contrary finding
would have the effect of modifying the judgment to specify it included
compensation for the property damage claim. (194 Cal.App.3d. at p. 1414.)
After a review of the pertinent authorities controlling the vacation, correc-
tion or alteration of arbitration awards (see *ante*), we concluded the trial
court lacked jurisdiction under these provisions to modify a final judgment
entered on an arbitration award in this manner and reversed. (194
Cal.App.3d at p. 1416.)

Similarly in this case, we hold it was impossible for the trial court to
conclude the $35,000 arbitration award was satisfied in fact by the $5,000 in
medical payments and the later payment of $30,000. Because the trial court
had no factual basis for finding the judgment was actually satisfied, it
follows it was error to in effect modify the judgment by ordering entry of
satisfaction of judgment in this case.

The arbitration award does not include findings of fact. It simply states
damages in the amount of $35,000 are awarded to appellant and against
respondent. The award does not state it includes at least $5,000 in special
medical damages. The award may indeed reflect medical expenses of $5,000
or more but there is no definitive manner of knowing that as a "fact." On the
other hand, it is not beyond the realm of possibility the amount specifically
allocated to medical expenses was something under $5,000. In that event, the
judgment for $35,000 would obviously remain unsatisfied.

The award also does not specify what amount, if any, was allocated as
general damages for pain and suffering. Presumably, anyone with substantial

physical injuries would also suffer considerable pain and suffering as a result of those injuries. It would be improper to assume from a silent record the arbitrator refused to award any amount for such damages. It would also appear to be improbable in any event.

Nor does the award indicate which portion, if any, was properly attributable to lost earnings as a result of appellant's injuries. According to appellant's counsel, the arbitrator was presented with evidence of appellant's lost earnings. Presumably, the award reflects some amount for these damages as well.

Moreover, there is no indication in the record the arbitrator explained the breakdown of his award at the hearing to compel entry of satisfaction of judgment or that the trial court employed any other method to make the factual determination the judgment had in fact been satisfied by these two payments.

The other cases relied on by respondent do not involve modification of a final judgment entered on an arbitration award and are therefore distinguishable on that basis. (See, e.g., *Jones* v. *California Casualty Indem. Exch.* (1970) 13 Cal.App.3d Supp. 1 [91 Cal.Rptr. 726] [after insurer satisfied judgment in first suit against tortfeasor, plaintiff precluded from seeking same damages in separate suit against insurer]; *Turner* v. *Mannon* (1965) 236 Cal.App.2d 134 [45 Cal.Rptr. 831] [not improper for jury to hear evidence tortfeasor's insurer already paid $1,000 of plaintiff's medical bills]; *Dodds* v. *Bucknum* (1963) 214 Cal.App.2d 206 [29 Cal.Rptr. 393] [trial court properly deducted certain medical expenses from damage award in favor of plaintiff on ground these expenses had already been paid by defendant's insurer].)

In sum, on this record, it was impossible for the trial court to determine the arbitrator awarded $5,000 or more in medical damages. The trial court could not know whether to count the medical payment toward the satisfaction of the arbitration award without modifying the award to specify it indeed included compensation for at least $5,000 of medical expenses. Because the award does not conclusively establish at least $5,000 of appellant's personal injury award of $35,000 represented damages for medical expenses, it was improper to conclude this amount could be offset against the judgment and to further find the judgment had been satisfied.

## Disposition

The judgment is reversed. Appellant to recover her costs on appeal.

Lillie, P. J., concurred. Woods (Fred), J., concurred in the judgment.

Respondent's petition for review by the Supreme Court was denied December 31, 1992.