Filed 8/20/25  Body Source Technology v. Szeto CA4/1

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

COURT OF APPEAL, FOURTH APPELLATE DISTRICT

DIVISION ONE

STATE OF CALIFORNIA


| | |
|---|---|
| BODY SOURCE TECHNOLOGY CO., LTD, | D085169 |
| Plaintiff and Respondent, | |
| v. | (Super. Ct. No. CIVDS1822994) |
| GENE SZETO, | |
| Defendant and Appellant. | |

APPEAL from an order of the Superior Court of San Bernardino County, Stephanie E. Thornton-Harris, Judge.  Affirmed.

Law Offices of Shun C. Chen and Shun C. Chen, for Defendant and Appellant.

DGW Kramer and Ronghua Guan, for Plaintiff and Respondent.

In 2022, plaintiff Body Source Technology Co., Ltd. (Body Source or the company) obtained a judgment in its favor after prevailing on its claim that defendant Gene Szeto failed to pay for products he ordered more than four years earlier. Following its entry, Szeto offered to satisfy the judgment by returning the unsold inventory. Body Source's counsel eventually informed him that the offer had been rejected. Szeto nonetheless demanded that the company file an acknowledgement that the judgment had been fully satisfied.

After Body Source refused, Szeto moved the trial court to deem the judgment satisfied. He maintained that the company's attorney lacked authority to reject his offer and that silence from the company itself meant that his offer had been accepted. The trial court disagreed. It found Body Source had in fact rejected the offer and there was no evidence from which to infer that the company's mere silence signaled acceptance. Because these findings are supported by substantial evidence, we affirm the order denying Szeto's motion.

## FACTUAL AND PROCEDURAL BACKGROUND

Body Source is a vendor of portable massage devices. In 2017 and 2018, Szeto, a distributor of the company's products, ordered 1.2 million dollars' worth of hand, neck, and face massagers that he planned to sell to a retailer.[1] Szeto, however, did not pay for these products. Accordingly, Body Source sued Szeto in 2018 for breach of contract and other claims.

---

[1] The equipment was purchased by Gentek Media, Incorporated, a company Szeto owned. Gentek, Szeto, and another entity he owned—OBM Distribution, Inc.—were the defendants in Body Source's underlying lawsuit and were all held jointly and severally liable for damages. For clarity, we will only refer to Szeto.

In March 2022 following a court trial, a judgment of $1.2 million plus pre- and postjudgment interest was entered in favor of the company.

This appeal concerns Szeto's attempt to satisfy the judgment. A money judgment may be satisfied by either a cash or a noncash payment. (Code Civ. Proc., § 724.010, subds. (a), (c).)[2] The creditor must file an acknowledgment after a judgment has been satisfied.[3] (§ 724.030.) If the creditor fails to do so after a debtor believes that a judgment has been satisfied, the debtor may demand that the creditor file or provide an acknowledgment. (§ 724.050, subd. (a).) If the creditor does not comply with such a demand within 15 days, the debtor may move the court for an order requiring compliance. (*Id.*, subds. (c), (d).)

Attempting to satisfy the judgment with a noncash payment, in April 2022 Szeto offered to return his unsold inventory to Body Source (the offer).[4] Although he represented during the underlying litigation that the unsold massage devices were "obsolete and worthless," Szeto claimed in his offer that his inventory had a retail value of nearly $3 million. At the same time, he requested that Body Source acknowledge that the judgment had been satisfied.

In December 2023, having received no response to his offer, Szeto e-mailed Body Source, saying, "I did not receive any response from anyone.

---

[2] Subsequent undesignated statutory references are to the Code of Civil Procedure.

[3] For simplicity, we will use "creditor" and "debtor" to refer to judgment creditor and judgment debtor, respectively.

[4] The parties' communications were by and through their respective counsel.

3

The goods are still in the warehouse and ready to go.  Please let me know when you like [*sic*] the goods delivered[.]  To your office?"

Roughly one month later, Body Source responded by stating it was "obvious" that Szeto's "offer to return old and outdated equipment" had been rejected.  As to the satisfaction of the judgment, the company reminded Szeto that it had filed a memorandum of costs as recently as December 2023.  In subsequent communications concerning his offer, Body Source mentioned that Szeto's wife, a third-party judgment debtor, had sat for a judgment debtor examination pursuant a request the company made in November 2023.  Body Source's correspondence did not remind Szeto of other steps it had taken after the entry of judgment, such as that it had obtained an order authorizing the liquidation of his and his wife's bank accounts to pay down the interest accruing on the judgment and that it had filed a memorandum of costs in November 2022 as well.

In February 2024, Szeto served a formal demand under section 724.050, subdivision (a) that Body Source acknowledge satisfaction of the judgment.  After the company refused and reiterated that it was seeking a monetary payment in full, Szeto moved the court for an order that the judgment had been satisfied.  He argued that Body Source's attorney's communications rejecting his offer were ineffective for lack of authority to act on the company's behalf.  Szeto also argued that the parties had a "close relationship and extensive previous course of dealing" that allowed him to treat Body Source's silence as an acceptance of an offer.  Thus, he concluded, his offer had been accepted because no one who worked for the company had rejected it.

Body Source countered that its attorney had expressly rejected the offer on its behalf and that it was entitled under subdivision (c) of section 724.010

4

to refuse a noncash payment. This statute provides that a noncash payment that the creditor must "honor[]" does not trigger an obligation to file or give an acknowledgment unless the noncash payment "has actually been honored," which Body Source contended did not occur here. Body Source also maintained that Szeto failed to identify any evidence supporting an inference that the company's silence was an acceptance of his offer.

The court denied Szeto's motion in May 2024.[5] It agreed with Body Source's interpretation of section 724.010, subdivision (c) as giving it the right to reject a noncash payment offered as satisfaction. The court found that Szeto restated his offer in December 2023 and that Body Source expressly rejected it through counsel's communications. As for Szeto's theory that Body Source's silence indicated acceptance of his offer, the court observed that "silence in the face of an offer can constitute acceptance if the relationship exists between the parties or a previous course of dealings . . . where silence can be understood as acceptance." But it found no evidence of a "prior business dealing between Body Source and [Szeto] that . . . equated to acceptance of that offer where . . . Body Source was typically silen[t]" that could support ignoring the general rule that "silence or inaction in the face of an offer will not amount to acceptance."

## DISCUSSION

A debtor who believes a creditor has unreasonably refused to honor its demand to acknowledge satisfaction of a judgment may move for the court to intervene. Szeto appeals the trial court's refusal do so here. He renews his claims that Body Source's attorney's express rejection of his offer in January 2024 was not effective and that, as a result, it was accepted because no one

---

[5] This order is appealable under section 904.1, subdivision (a)(2).

5

from the company responded to it. Body Source disagrees, adopting the trial court's rationale for finding that it rejected his offer.

When resolving a motion under subdivision (d) of section 724.050, "[i]f the court determines that the judgment has been satisfied and that the judgment creditor has not complied with the demand, the court *shall* either (1) order the judgment creditor to comply with the demand or (2) order the court clerk to enter satisfaction of the judgment." (§ 724.050, subd. (d), italics added.) This section "require[s] the trial court to first determine whether the judgment has been satisfied in fact before ordering entry of satisfaction of judgment." (*Schumacher v. Ayerve* (1992) 9 Cal.App.4th 1860, 1863.)

"[W]e will uphold the factual findings supporting the trial court's decision on a motion for satisfaction of judgment if the findings are supported by substantial evidence."[6] (*Jhaveri v. Teitelbaum* (2009) 176 Cal.App.4th 740, 748.) This standard requires us to "presume the existence of every fact the finder of fact could reasonably deduce from the evidence in support of the judgment or order." (*Ibid.*) "[A]ll intendments and presumptions must be indulged to support the judgment or order on matters as to which the record is silent, and error must be affirmatively shown." (*Id.* at p. 749.) "The ultimate test is whether it is reasonable for a trier of fact to make the ruling in question in light of the whole record." (*Roddenberry v. Roddenberry* (1996) 44 Cal.App.4th 634, 652.)

---

[6] The court "shall" order the entry of a satisfaction of judgment when the judgment was "in fact" satisfied, which means it lacks discretion to refuse such an order in that circumstance. (§ 724.050, subd. (d).) The abuse of discretion standard urged by Body Source, therefore, does not apply. Nor does de novo review, as proposed by Szeto on the theory that the facts are undisputed. Whether the judgment was satisfied was a factual question that the parties disputed. In any case, we would reach the same result under either of these alternative standards.

Body Source was authorized by statute to demand that Szeto fully satisfy the judgment with a cash payment. (§ 724.010, subd. (a) ["A money judgment may be satisfied by payment of the full amount required to satisfy the judgment or by acceptance by the judgment creditor of a lesser sum in full satisfaction of the judgment"]; *Wertheim, LLC v. Currency Corp.* (2019) 35 Cal.App.5th 1124, 1132 ["a judgment creditor has the right to demand payment in cash"].) Accordingly, the trial court properly focused on whether the company accepted Szeto's offer to satisfy the judgment with an "in-kind" payment. The record amply supports the court's finding that Body Source did not, as Szeto renewed the offer in December 2023 and the company, through counsel, rejected it shortly thereafter. In addition, Body Source took steps in the superior court consistent with an intent to accept nothing other than full satisfaction in cash after it received Szeto's offer, such as filing two memoranda of costs, liquidating Szeto's and his wife's bank accounts, and subjecting Szeto's wife to a judgment debtor examination.[7]

Szeto's contrary contentions fail primarily because they are based on pure speculation. He fails to cite any evidence that rebuts statements made by Body Source's counsel to the superior court that the decision to reject the offer was made by the client. (See *People v. Sullivan* (2007) 151 Cal.App.4th 524, 549 ["Pursuant to Evidence Code section 664, 'Court and counsel are presumed to have done their duty in the absence of proof to the contrary' "].)

---

[7] Body Source's reliance on section 724.010, subdivision (c) as a basis to decline Szeto's offer was misplaced. This statute refers to a payment the creditor "honored," a term which relates to the acceptance of a negotiable instrument. (Black's Law Dict. (11th Ed. 2019) p. 884, col. 1.) To the extent the court adopted the company's reading of this provision, that error was not prejudicial. (*Anderson v. Davidson* (2019) 32 Cal.App.5th 136, 144 [" 'There can be no prejudicial error from erroneous logic or reasoning if the decision itself is correct' "].)

As for Szeto's claim that Body Source's silence signaled it had accepted his offer, "[s]ilence in the face of an offer is not an acceptance, unless there is a relationship between the parties or a previous course of dealing pursuant to which silence would be understood as acceptance." (*Southern California Acoustics Co. v. C. V. Holder, Inc.* (1969) 71 Cal.2d 719, 722.) We find no basis in the record to conclude that either condition was met here.

## DISPOSITION

The order denying Szeto's motion is affirmed. Body Source shall recover its costs on appeal.

DATO, Acting P. J.

WE CONCUR:

BUCHANAN, J.

KELETY, J.

8