Marilyn **SCHMUCKLER**, Respondent,

v.

Linda Marie **CREURER**, Appellant.

No. C6–98–684.

Court of Appeals of Minnesota.

Nov. 3, 1998.

Review Denied Dec. 22, 1998.

Norman Perl, Lauris A. Heyerdahl, Norman Perl & Associates, Minneapolis, (for respondent).

Elliot L. Olsen, Gislason, Dosland, Hunter & Malecki, P.L.L.P., Minnetonka, (for appellant).

Considered and decided by LANSING, P.J., KLAPHAKE and THOREEN,* JJ.

## OPINION

KLAPHAKE, Judge.

Appellant Linda Marie Creurer lost control of her car and drove into a town house rented and occupied by respondent Marilyn Schmuckler. Schmuckler recovered under her renter's insurance policy for the property damage and then sued Creurer for property damage, emotional distress, and medical expenses. A jury returned a special verdict in favor of Schmuckler.

In post-trial motions, Creurer sought to apply Minnesota's collateral source statute, Minn.Stat. § 548.36 (1996), and reduce the verdict by the amount that Schmuckler had received from her renter's insurance policy. The trial court concluded that the collateral source statute does not apply to cases involving property damage and that, in any event, Schmuckler's insurer had properly asserted a subrogation claim. The court also concluded that because Schmuckler failed to meet the no-fault thresholds, she was barred from recovering non-economic damages. Minn.Stat. § 65B.51 (1996).

---

* Retired judge of the district court, serving as judge of the Minnesota Court of Appeals by appointment pursuant to Minn. Const. art. VI, § 10.

Creurer appeals, arguing that the trial court erred by refusing to apply the collateral source statute. Schmuckler has filed a notice of review, claiming that the court erred by applying the no-fault thresholds. We affirm on the collateral source issue and decline to address the issue raised in Schmuckler's notice of review. We also deny Schmuckler's motion to supplement the record.

## FACTS

On April 16, 1995, while backing out of a driveway, Creurer lost control of her car and drove into a town house rented and occupied by Schmuckler. At the time of the accident, Creurer had an automobile insurance policy with Illinois Farmers Insurance Company (Illinois Farmers).

Schmuckler was insured by Illinois Farmers under a renter's insurance policy. She collected $32,831.95 for her property damage and incidental living expenses and then sued Creurer for negligence. The jury was instructed on the no-fault thresholds and on the general law governing negligent infliction of emotional distress. In response to special verdict questions, the jury awarded Schmuckler $32,455 for property damage, $11,000 for emotional distress and disability, $2,046 for past medical expenses, and $1,100 for future medical expenses. The jury further found that Schmuckler did not sustain a permanent injury or a disability for 60 days or more as a result of the accident.

Following post-trial motions, the trial court determined that the collateral source statute does not apply to payments for property damage and denied Creurer's request to reduce the property damage award by the amount paid to Schmuckler by her renter's insurance. The court further concluded that Schmuckler cannot recover either the $11,000 for disability and emotional distress or the $1,100 for future medical because she did not sustain a permanent injury or disability for 60 days or more, the thresholds required by the no-fault act.

## ISSUES

I. Did the trial court err in concluding that Schmuckler's property damage award is not subject to the collateral source statute?

II. Has Schmuckler adequately preserved for review the issue of whether the trial court erred by applying the no-fault thresholds to bar her recovery of damages for negligent infliction of emotional distress?

## ANALYSIS

### I.

The relevant facts in this issue are undisputed. We therefore apply a de novo standard of review. *Dean v. American Family Mut. Ins. Co.*, 535 N.W.2d 342, 343 (Minn. 1995).

■ Minnesota's collateral source statute provides in pertinent part:

Subdivision 1. **Definition.** For purposes of this section, "collateral sources" means payments related to the injury or disability in question made to the plaintiff, or on the plaintiff's behalf up to the date of the verdict, by or pursuant to:

(1) a federal, state, or local income disability or workers' compensation act; or other public program providing medical expenses, disability payments, or similar benefits;

(2) health, accident and sickness, or automobile accident insurance or liability insurance that provides health benefits or income disability coverage * * *;

(3) a contract or agreement of a group, organization, partnership, or corporation to provide, pay for, or reimburse the costs of hospital, medical, dental or other health care services; or

(4) a contractual or voluntary wage continuation plan provided by employers or any other system intended to provide wages during a period of disability * * *.

Minn.Stat. § 548.36, subd. 1 (1996).

This statute "abrogate[s] a plaintiff's common law right to be over-compensated and now prevent[s] double recoveries *in many circumstances* by requiring the deduction from the verdict of *certain* benefits received by a plaintiff." *Imlay v. City of Lake Crystal*, 453 N.W.2d 326, 331 (Minn.1990) (emphasis added). We have suggested that

payments for some types of losses are not "certain benefits" subject to the statutory collateral source deduction. For example, in *Duluth Steam Coop. Ass'n v. Ringsred*, 519 N.W.2d 215, 217–18 (Minn.App.1994), we concluded that the collateral source statute did not apply to a claim that did not involve physical injury; therefore, the plaintiff's claim for property damage was protected by the common law collateral source rule, which provides that if a plaintiff's special damages are paid by a third party, the plaintiff may still recover those damages from the defendant.

■ Creurer argues that our language in *Ringsred* was dicta because it was not essential to the decision. We now expressly hold that the collateral source statute does not apply to claims for property damage. As we pointed out in *Ringsred*, the statute's plain language indicates a legislative intent to limit its scope to payments related to physical injury, rather than property damage. *Id.* at 217.

While not a basis for our decision, we note that the collateral source statute also expressly excludes those payments for which a subrogation right has been asserted. Minn. Stat. § 548.36, subd. 2(1). Illinois Farmers asserted such a subrogation right in this case. Although Creurer's attorney later submitted an affidavit in which he claimed that Illinois Farmers was willing to waive that right, the trial court properly rejected this affidavit and determined that only Illinois Farmers could waive its subrogation claim.[1]

## II.

■ In addition to her claim for property damage, Schmuckler claimed damages for emotional distress. Before trial, Creurer submitted a list of proposed jury instructions, including an instruction on the requirements of the no-fault thresholds. *See* 4 *Minnesota Practice*, CIVJIG 600 (1986). Schmuckler submitted proposed instructions on the general law governing negligent infliction of emotional distress. Both sets of instructions were given to the jury, and the special verdict questions included questions relating to both.

In her notice of review, Schmuckler argues that the trial court erred by instructing the jury to apply the no-fault thresholds to her common law negligence claim for emotional distress. Although her notice of review originally indicated that some portions of the transcript were necessary for this appeal, no trial transcript has been filed. Instead, Schmuckler submitted a statement of the proceedings, claiming that the parties' arguments regarding jury instructions were not transcribed. *See* Minn. R. Civ.App. P. 110.03 (parties may prepare statement of proceedings if no transcript available).

In that statement, the trial court agrees that Schmuckler objected to inclusion of the no-fault thresholds because Creurer failed to plead the threshold requirements as an affirmative defense. The court could not recall, however, whether Schmuckler objected to these instructions on the basis that they were unwarranted or an incorrect statement of the law. The court further attests that it generally includes, as part of the record, all objections to jury instructions and arguments on those objections. The court finally states that a trial transcript was not ordered by either party.

■ Thus, any objection Schmuckler may have made to the jury instructions was likely placed on the record, but she never ordered a transcript. Rule 110.03 is properly used when a transcript of proceedings is not available because not recorded by a court reporter or because a transcript is unavailable due to the death or unavailability of the reporter or loss of the reporter's notes; it should not be used in lieu of a transcript or as an attempt to make the record at the appellate level. *See* Eric J. Magnuson & David F. Herr, 3 *Minnesota Practice*

---

1. In fact, following oral argument to this court, Schmuckler filed a motion to allow inclusion in the record of a complaint filed by Illinois Farmers, which apparently asserts its subrogation claim. In light of our decision in favor of Schmuckler on this issue, along with our general reluctance to consider matters outside the record, we deny Schmuckler's motion to supplement the record. *See* Minn. R. Civ.App. P. 110.01 (record on appeal consists of papers filed in trial court).

§ 110.11, at 357 (1996). Failure to follow rule 110.03 may result in dismissal of the appeal or affirmance of the trial court's actions, absent a showing there was a clear abuse of discretion. *See, e.g., Kuehl v. National Tea Co.,* 310 Minn. 48, 51, 245 N.W.2d 235, 238 (1976). Even if Schmuckler is correct in her assertion that this part of the proceedings was never transcribed, as the party raising the issue, she had the burden of proof to insure the record was sufficient for our review. *Hunt v. Regents of the Univ. of Minn.,* 460 N.W.2d 28, 31 (Minn.1990).

Without a more complete record, we cannot ascertain whether objections were properly made before the instructions were given or rather after the verdict was rendered, the basis for any objections that might have been made, or the trial court's reasons for inclusion of these instructions. Because addressing this issue on such an incomplete record would distort the analysis, we conclude that the issue has not been properly preserved for appeal and decline to address it. *See McCarthy Well Co. v. St. Peter Creamery, Inc.,* 389 N.W.2d 514, 519–20 (Minn.App. 1986) (when record insufficient to consider challenge to trial court's examination of potential jurors and parties could not agree on what transpired, reviewing court refused to consider issue on appeal and affirmed trial court), *aff'd in part, rev'd in part,* 410 N.W.2d 312, 316 (Minn.1987) (affirming voir dire issue as not abuse of discretion).

### DECISION

We affirm the trial court's conclusion that Schmuckler's property damage award is not subject to the collateral source statute, decline to address Schmuckler's claim involving application of the no-fault thresholds because it was not adequately preserved for appeal, and deny Schmuckler's motion to supplement the record.

**Affirmed; motion denied.**