# United States Court of Appeals

## FOR THE EIGHTH CIRCUIT

_____

No. 98-3289

_____

| | | |
|---|---|---|
| Ford Motor Credit Company, a Delaware corporation, | * * * | |
| Appellee, | * * | |
| v. | * * | |
| Wintz Companies, a Minnesota corporation; Dedicated Logistics, Inc., a Minnesota corporation; Summit Transportation, Inc., a Minnesota corporation, | * * * * * * | Appeal from the United States District Court for the District of Minnesota. |
| Defendants, | * * | |
| George L. Wintz, | * * | |
| Appellant. | * | |

_____

Submitted:  May 14, 1999
Filed:  July 19, 1999

_____

Before RICHARD S. ARNOLD, JOHN R. GIBSON, and BOWMAN, Circuit Judges.

_____

BOWMAN, Circuit Judge.

George L. Wintz appeals from the judgment of the District Court[1] entered on a jury verdict in this diversity case awarding Ford Motor Credit Company (FMCC) over one million dollars in damages for the deficiency on a defaulted loan that was personally guarantied by Wintz. We affirm.

Between 1993 and 1995, Wintz Companies, Inc., purchased from Boyer Ford 150 heavy trucks manufactured by Ford Motor Company. FMCC financed the purchase, and George Wintz signed a personal guaranty to secure the obligation. In addition, FMCC had a loss-sharing agreement with its parent, Ford Motor Company, under the terms of which Ford Motor would assume responsibility for losses that resulted from default by FMCC's fleet borrowers, such as Wintz Companies, in an amount not to exceed four percent of FMCC's accounts receivable. When Wintz Companies defaulted on the loan in 1996, FMCC repossessed and resold most of the trucks and applied the proceeds to the debt. FMCC then sought to recover the deficiency on the loan that remained after the resale.

After this suit was filed, Wintz Companies was forced into bankruptcy by some of its creditors, and the District Court therefore stayed FMCC's litigation against Wintz Companies (and two affiliated companies that also had been named as defendants). The case proceeded against Wintz individually. Wintz conceded liability, so the jury was left to decide only the amount of the deficiency, if any. After hearing the evidence and determining, inter alia, that FMCC's resale of the trucks was commercially reasonable, the jury awarded damages to FMCC in the amount of $1,391,565.12. Wintz then sought to have the damages reduced to zero, arguing that FMCC suffered no injury because Ford Motor would be reimbursing (or had reimbursed) FMCC for all of the losses it sustained on the transaction, according to the terms of the loss-sharing agreement. The court denied Wintz's post-trial motion without a hearing, and also

---

[1]The Honorable John R. Tunheim, United States District Judge for the District of Minnesota.

ordered Wintz to pay the costs and attorney fees FMCC had incurred in connection with the repossession and resale. Wintz appeals.

Wintz's arguments focus primarily on whether the Minnesota collateral source rule applies to this contract case. "The collateral source rule provides in general that compensation received from a third party will not diminish recovery against a wrongdoer," regardless of whether the victim is overcompensated as a result. Hubbard Broad., Inc. v. Loescher, 291 N.W.2d 216, 222 (Minn. 1980). Wintz contends that the collateral source rule is not properly invoked here, as it is applicable only to tort cases and not to cases in which the injury results from a breach of contract. We do not decide this question of state law, however, because we see no clear error in the District Court's finding that FMCC will not be overcompensated by Wintz's payment of the judgment. The uncontroverted affidavit of R.D. Burke, Administrative Services Coordinator for the Commercial Lending Office of FMCC, establishes that "[a]ll Wintz Companies deficiency monies recovered by Ford Credit, after deducting costs and legal expense, will be paid by Ford Credit to Ford Motor Co." Affidavit of R.D. Burke (Apr. 2, 1998) ¶ 4. Even if the collateral source rule does not apply to this case, that is, even if double recovery is prohibited, no reduction in the amount of damages is required because there is no double recovery. Wintz's payment of the judgment against him will do no more than make FMCC whole. We therefore affirm the District Court on Wintz's first point on appeal and hold that the court did not err in denying Wintz's post-trial motion to reduce the damages award by the amount Ford Motor paid FMCC pursuant to their loss-sharing agreement.[2]

---

[2]Wintz relied on Minnesota Statutes § 548.36 in his post-trial motion to reduce the damages to zero. That statute provides that a court, upon post-trial motion by a party, shall reduce a damages award by the amount of proved collateral sources, as such sources are defined by the statute. The statute also provides, however, that the jury is not to be informed of collateral sources. On appeal, Wintz concedes that section 548.36 applies only to personal injury cases. See Schmuckler v. Creurer, 585 N.W.2d 425, 428 (Minn. Ct. App. 1998). He nevertheless seems to be arguing that the court

Wintz also challenges the District Court's decision to exclude evidence of the loss-sharing agreement between FMCC and Ford Motor. In a pretrial ruling, the court prohibited Wintz from presenting testimony on the agreement and permitted certain documents that were admitted in evidence to be redacted so that the jury would not be exposed to any references to the arrangement. We review the court's decision for abuse of discretion. See Porous Media Corp. v. Pall Corp., 173 F.3d 1109, 1117 (8th Cir. 1999).

Wintz argues that, given his contention that the common-law collateral source rule does not apply to this case, the evidence in question should have been allowed.[3] Again, we do not decide the question of Minnesota state law because we conclude that the court did not abuse its discretion under the rules of evidence. The District Court made its ruling based on the court's understanding that it could reduce an award of damages post-trial as equity required, so that the only question for the jury was how much of a deficiency, if any, remained on the debt. The court found that the evidence of the loss-sharing agreement was "irrelevant" to the jury's charge and that excluding such evidence would result in a "cleaner trial." Partial Transcript of Trial (Court's

relied on the statute to exclude evidence of the loss-sharing agreement (our discussion of the evidentiary issue follows), so therefore the court should have reduced the damages according to the procedure set forth in the statute. Wintz is mistaken for two readily apparent reasons: (1) the statute does not apply to this contract case, and that fact cannot be altered even if the court improperly relied on the statute in deciding to exclude evidence of the loss-sharing agreement, and (2) in any event, the court denied Wintz's motion to reduce the award because it found there would be no windfall to FMCC when Wintz pays the judgment, not because it applied or failed to apply either Minnesota's common-law collateral source rule or the state's collateral source statute.

[3]To the extent Wintz is arguing that the court erred because it excluded the evidence on the basis of the Minnesota Collateral Source Payments statute, which is inapplicable to this case (see supra note 2), he is mistaken. Our reading of the record does not support the factual contention underlying that argument; the court at no time indicated it was applying the statute in making the evidentiary ruling.

Further Rulings on Pretrial Motions) (Feb. 26, 1998) at 6, 10. The court noted, too, that some part of any money FMCC recovered from Wintz "may have to be turned over to Ford Motor Company." <u>Id.</u> at 5. Evidence that Ford Motor would be responsible for some of FMCC's losses *to the extent the deficiencies could not be recovered from those who had assumed responsibility for payment of the debt* would have been wholly irrelevant to the jury's task of determining the amount of the deficiency. To allow such evidence would only have muddied the waters for the jury, and the District Court did not abuse its discretion in ruling as it did. <u>See</u> <u>Porous Media Corp.</u>, 173 F.3d at 1117 (noting that "discretion is broad where . . . the district court must balance the evidence's probative value against the danger of unfair prejudice, confusion of the issues, or misleading the jury").

The challenges Wintz makes to the court's consideration of Burke's affidavit and to the court's failure to hold a hearing on his post-trial motion are without merit.

The judgment of the District Court is affirmed.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.

-5-