ILLINOIS FARMERS INSURANCE COMPANY, Respondent,

v.

Marilyn SCHMUCKLER, Appellant.

No. C5–99–993.

Court of Appeals of Minnesota.

Dec. 14, 1999.

Review denied Feb. 23, 2000.

See also, 585 N.W.2d 425.

Eric J. Magnuson, Deborah C. Eckland, Gregory P. Wilken, Rider, Bennett, Egan & Arundel, LLP, Minneapolis, for respondent.

Norman Perl, Norman Perl & Associates, Minneapolis, for appellant.

Considered and decided by RANDALL, Presiding Judge, KLAPHAKE, Judge, and PETERSON, Judge.

## OPINION

KLAPHAKE, Judge

Respondent Illinois Farmers Insurance Company (Illinois Farmers) brought this declaratory judgment action against its insured, appellant Marilyn Schmuckler, to recover amounts it previously paid to her under a renter's insurance policy. In an underlying tort action against Linda Creurer, who was also insured by Illinois Farmers under an automobile liability policy, the jury awarded Schmuckler property damages allegedly for the same losses. *Schmuckler v. Creurer,* 585 N.W.2d 425 (Minn.App.1998), *review denied* (Minn. Dec. 22, 1998).

On cross-motions for summary judgment, the district court rejected Schmuckler's argument that this declaratory judgment action was precluded by Minn.Stat. § 60A.41 (1998), which prohibits subrogation actions against insureds. The court further concluded that Illinois Farmers was entitled to reimbursement under the doctrine of equitable subrogation and that Schmuckler was required to reimburse Illinois Farmers from her tort recovery for the amounts it had paid under her renter's insurance policy. Schmuckler appeals.

Because the district court erred in allowing Illinois Farmers to recover under the principles of equitable subrogation, we reverse.

## FACTS

On April 16, 1995, Linda Creurer negligently backed her car into a townhouse rented and occupied by Schmuckler. The accident caused significant damage to Schmuckler's personal property, including a number of family heirlooms and antiques. Schmuckler had a renter's insurance policy with Illinois Farmers and claimed damages of approximately $75,000. Illinois Farmers paid its policy limit of $30,000, minus a $500 deductible, plus additional amounts to cover losses for food damage, expenses for lodging while her townhouse was under repair, and other miscellaneous expenses. In total, Illinois Farmers paid Schmuckler $31,889.99.

Schmuckler thereafter sued Creurer for negligence, seeking damages for emotional distress, property damage, and medical expenses. Creurer was covered under an automobile liability insurance policy that was also issued by Illinois Farmers. By special verdict, the jury awarded Schmuckler $32,455 "for the reasonable value of

personal property damaged or destroyed, plus expenses reasonably incidental to the accident."

Post-trial, the court ruled that payment made by Illinois Farmers under the renter's insurance policy could not be offset from the jury's verdict because the collateral source statute, Minn.Stat. § 548.36 (1998), does not enumerate property damage payments as constituting a collateral source. On appeal, this court affirmed and held that Illinois Farmers' property damage payment under the renter's policy did not constitute a collateral source that could be deducted from the jury's award. *Schmuckler v. Creurer*, 585 N.W.2d 425 (Minn.App.1998), *review denied* (Minn. Dec. 22, 1998). In dicta, this court further stated:

> While not a basis for our decision, we note that the collateral source statute also expressly excludes those payments for which a subrogation right has been asserted. Minn.Stat. § 548.36, subd. 2(1). Illinois Farmers asserted such a subrogation right in this case. Although Creurer's attorney later submitted an affidavit in which he claimed that Illinois Farmers was willing to waive that right, the trial court properly rejected this affidavit and determined that only Illinois Farmers could waive its subrogation right.

*Id.* at 428 (footnote omitted).

Illinois Farmers commenced this declaratory judgment action against Schmuckler while the appeal in *Schmuckler v. Creurer* was pending. The parties brought cross-motions for summary judgment. Following our decision in *Schmuckler v. Creurer,* the district court granted Illinois Farmers' motion and rejected Schmuckler's argument that this action was precluded by Minn.Stat. § 60A.41 (1998), which prohibits subrogation actions against insureds. The court further concluded that Illinois Farmers was entitled to reimbursement of the amount it had paid to Schmuckler under the doctrine of equitable subrogation. Schmuckler appeals.

## ISSUE

■ Did the district court err in concluding that the doctrine of equitable subrogation requires Schmuckler to reimburse Illinois Farmers from her tort recovery for the $31,889.99 that Illinois Farmers paid to her under her renter's insurance policy?

## ANALYSIS

■ Summary judgment is appropriate when there are no genuine issues of material fact and when either party is entitled to judgment as a matter of law. Minn. R. Civ. P. 56.03. This case involves interpretation of a statute and application of equitable subrogation, which are generally issues of law subject to de novo review. *See, e.g., Hibbing Educ. Ass'n v. Public Employment Relations Bd.*, 369 N.W.2d 527, 529 (Minn.1985) (interpretation of statute); *Fire Ins. Exch. v. Adamson Motors,* 514 N.W.2d 807, 809 (Minn.App.1994) (right of subrogation).

The district court rejected Schmuckler's argument that Minn.Stat. § 60A.41 (1998) prohibits Illinois Farmers from recovering by subrogation sums that she received in tort from Creurer. That statute, entitled "Subrogation Against Insureds Prohibited," provides:

> (a) An insurance company providing insurance coverage * * * may not proceed against its insured in a subrogation action where the loss was caused by the nonintentional acts of the insured.

> (b) An insurance company providing insurance coverage * * * may not subrogate itself to the rights of its insured to proceed against another person if that other person is insured for the same loss, by the same company. This provision applies only if the loss was caused by the nonintentional acts of the person against whom subrogation is sought.

> * * *

> (d) Nothing in this section prevents an insurer from allocating the loss internally to the at-fault insured for purposes

of underwriting, agency, and claims information.[1]

*Id.*

It is undisputed that subsection (a) does not apply because Schmuckler did not cause the losses at issue. With respect to subsection (b), the parties agree that it prohibited Illinois Farmers from subrogating to Schmuckler's rights against Creurer and from proceeding in Schmuckler's name against Creurer in the underlying tort action, *Schmuckler v. Creurer.*

■ These conclusions do not answer the question of whether Illinois Farmers can require Schmuckler to hold her proceeds in trust to reimburse Illinois Farmers for the amounts it paid under her renter's insurance policy, however. The principles of subrogation allow an insurer, once it has indemnified its insured for a first-party loss, to recover payments made to the insured by a third party responsible for that loss. 46A C.J.S. § 1470, at 366 (1993). Thus, once an insurer pays benefits to its insured, it becomes a subrogated and may bring an action against the insured to hold any proceeds the insured receives from a tortfeasor in a constructive trust for the insurer's benefit. Robert E. Keeton & Alan I. Widiss, *Insurance Law* § 13.10(4)(iii), at 245–46 (1988). Essentially, this was the type of relief granted the insurer in *Hayward v. State Farm Mut. Auto. Ins. Co.,* 212 Minn. 500, 4 N.W.2d 316 (1942). The insured and the tortfeasor in *Hayward,* however, were insured by different insurance companies. *Id.* at 501, 4 N.W.2d at 317.

Minn.Stat. § 60A.41(b), which was enacted in 1989, specifically prohibits an insurance company from subrogating "itself to the rights of its insured to proceed against another person if that other person is insured for the same loss, by the same company." The statute does not require the insured and the other person to be insured by the same policy or to seek coverage under the same policy. Thus, when Illinois Farmers paid Schmuckler for her property damage under her renter's insurance policy, it acquired no subrogation rights against Creurer, who was insured under a different policy "for the same loss, by the same company." *Id.* Because Illinois Farmers acquired no subrogation rights against Creurer or any proceeds Schmuckler might receive from Creurer, the district court erred in concluding that Illinois Farmers was entitled to recover under the principles of equitable subrogation.

■ In reaching this decision, we acknowledge that one of the primary purposes of equitable subrogation is to prevent double recovery. *Share Health Plan, Inc. v. Marcotte,* 495 N.W.2d 1, 4 (Minn. App.1993), *review denied* (Minn. Mar. 30, 1993). We note, however, that double recoveries are not absolutely prohibited and were not prohibited at common law. *See Smith v. American States Ins. Co.,* 586 N.W.2d 784, 786 (Minn.App.1998) (discussing collateral source rule and statute), *review denied* (Minn. Feb. 18, 1999).

As Schmuckler argues, several cases uphold double recoveries under principles of equitable subrogation where the equities are equal. In *Suchy v. Illinois Farmers Ins. Co.,* 574 N.W.2d 93, 94–95 (Minn.App. 1998), a plaintiff injured in an automobile accident was allowed a double recovery for the same medical expenses because of payments received from his medical insurer and his underinsurance carrier. In *Marcotte,* 495 N.W.2d at 3–4, the health insurer sought reimbursement from the decedent's wrongful death recovery for medical expenses it had paid; the court noted that as a subrogated insurance carrier, the insurer merely had the right to pursue recovery from third parties who

---

1. Subsection (d) merely allows an insurer to allocate a loss to the at-fault insured for internal bookkeeping purposes. It does not give an insurer subrogation rights in an insured's claim against a tortfeasor who is insured by the same company but under a separate policy.

caused injury to its insured. Thus, equitable subrogation does not always act to prevent double recovery, particularly where two separate premiums have been paid on two distinct policies and where the equities are unclear.

While Illinois Farmers might argue that our decision will result in a windfall to Schmuckler, we note that it is unclear whether Schmuckler has been fully compensated in this case. Her tort recovery was reduced based on the trial court's conclusion that she did not meet the thresholds of the no-fault act. *See Schmuckler v. Creurer*, 585 N.W.2d at 427. In this action, the district court has denied Schmuckler's requests for discovery and she has been precluded from proving that the jury's award did not fully compensate her or that the damages awarded by the jury in the underlying tort action compensated her for different losses.

We further note that Illinois Farmers has changed its positions and arguments a number of times to suit its needs. For instance, in response to Schmuckler's initial claim, Illinois Farmers paid its policy limits of $30,000 and did not seriously question Schmuckler's claim that her damages were far in excess of that amount. In the underlying tort action, however, Creurer, who was defended by Illinois Farmers, challenged Schmuckler's evidence and argued that Schmuckler's damages were only $15,000. In addition, in the underlying tort action, Illinois Farmers first asserted a subrogation right and then attempted to withdraw that right through Creurer's attorney. As the trial court noted in *Schmuckler v. Creurer*, the effect of the attempted waiver was to obligate Schmuckler to pay costs; as we noted in dicta, the attorney's attempt to withdraw that right was unsuccessful. *Schmuckler v. Creurer*, 585 N.W.2d at 428 n1. Finally, when Illinois Farmers realized it could not pursue a subrogation action against Creurer because such an action was prohibited by Minn.Stat. § 60A.41, it decided to proceed against Schmuckler directly in this action. The changing positions of Illinois Farmers undermines its equitable argu-

ments and illustrates the insidiousness of potential conflict of interest problems that Minn.Stat. § 60A.41 was intended to avoid.

Finally, we note that many insurers have protected themselves against this factual scenario by drafting their policies to limit coverage when other insurance is available. *See* Keeton, *supra* § 3.11, at 253–54 (discussing "Other Insurance Clauses" and intent of such clauses to declare that another insurer provides primary coverage or that contract provides no coverage when other insurance coverage applies to the loss). In this case, the record before us includes only the first page of the renter's insurance policy. Although that page contains a provision allowing Illinois Farmers to require assignment of rights upon payment of a loss, Illinois Farmers does not base its claim for recovery here on such a theory. Nor does Illinois Farmers argue that its renter's policy contained an "other insurance" clause that limited Schmuckler's recovery. Under these circumstances, we decline to assume that the policy contains such a clause or that Illinois Farmers is entitled to recover under a theory other than the equitable subrogation theory it asserted.

### DECISION

Because Minn.Stat. § 60A.41 precluded Illinois Farmers from acquiring a subrogation interest based on its payment to Schmuckler under her renter's insurance policy, the district court erred in concluding that Schmuckler was required to hold the proceeds she received from her action against Creurer in trust for Illinois Farmers' benefit and to reimburse Illinois Farmers for the payment it had made to her under her renter's policy. We therefore reverse the district court's grant of summary judgment to Illinois Farmers and conclude that Schmuckler was entitled to judgment as a matter of law.

**Reversed.**