*This opinion will be unpublished and may not be cited except as provided by Minn. Stat. § 480A.08, subd. 3 (2012).*

**STATE OF MINNESOTA
IN COURT OF APPEALS
A14-0240**

Lakeview Methodist Health Care Center,
Respondent,

vs.

Kaci Paradis,
Appellant.

**Filed September 22, 2014
Affirmed
Klaphake, Judge**[*]

Martin County District Court
File No. 46-CV-12-1311

James A. Wilson, Johnson Berens & Wilson, Fairmont, Minnesota (for respondent)

Matthew T. Nielsen, Krahmer & Nielsen, P.A., Fairmont, Minnesota (for appellant)

Considered and decided by Peterson, Presiding Judge; Reyes, Judge; and Klaphake, Judge.

**U N P U B L I S H E D   O P I N I O N**

**KLAPHAKE**, Judge

Appellant challenges the district court's grant of summary judgment in favor of respondent on its breach of contract claim. Appellant asserts there are genuine issues of

---

[*] Retired judge of the Minnesota Court of Appeals, serving by appointment pursuant to Minn. Const. art. VI, § 10.

material fact regarding respondent's damages. Because no genuine issues of material fact exist in the record before us, we affirm.

**D E C I S I O N**

"[Appellate courts] review a district court's summary judgment decision de novo." *Riverview Muir Doran, LLC v. JADT Dev. Grp., LLC*, 790 N.W.2d 167, 170 (Minn. 2010). On appeal, we must view the evidence in the light most favorable to the party against whom judgment was granted. *Fabio v. Bellomo*, 504 N.W.2d 758, 761 (Minn. 1993). "A motion for summary judgment shall be granted when the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue of material fact and that either party is entitled to a judgment as a matter of law." *Id.* A party resisting summary judgment must do more than provide "mere averments." *DLH, Inc. v. Russ*, 566 N.W.2d 60, 71 (Minn. 1997).

In August 2012, respondent filed a complaint against appellant, seeking a monetary judgment. The basis for this judgment was a nursing scholarship agreement that appellant entered into with respondent while receiving the scholarship. In addition, the recipient was required to accept employment if offered following completion of studies. This scholarship was only available to employees of respondent and required the scholarship recipient to continue working at least 20 hours a week for respondent. Appellant accepted and signed the scholarship agreement and signed renewal agreements on a yearly basis.

2

Minn. Stat. § 256B.0918 (2012), addresses the scholarship program that appellant participated in and the increased medical-assistance reimbursement rate provided by the state under the program. Under subdivision 4, "[t]he commissioner shall require providers to repay any portion of funds awarded under subdivision 3 that is not used to fund scholarships." The statute does not address provider-employer responsibilities to the commissioner when the employer uses the funds for an employee scholarship but the employee does not continue working for the employer. Nor does the statute outline a timeline for the reimbursement process. Appellant was enrolled at Presentation College from the fall of 2009 through the spring of 2012. In 2012, appellant earned a nursing degree from Presentation College. Upon receiving her nursing degree, respondent presented appellant with an offer of employment. Appellant declined the employment offer and accepted employment elsewhere.

On November 30, 2012, respondent moved for summary judgment on its entitlement to a monetary judgment. The district court filed an order on February 20, 2013, concluding that an "unambiguous reading" of the scholarship contract made it "clear . . . [that] the penalty for failure to fulfill the employment obligation, namely that the scholarship funds paid by [respondent] toward a degree program would need to be repaid." The district court rejected appellant's argument that the scholarship agreements are unenforceable because they are contracts of adhesion. It concluded that appellant

> failed to provide any evidence that [respondent] put her under
> any pressure to commit to the scholarship agreements.
> Moreover, she has failed to show any attempt on her part to
> negotiate the terms of the scholarship agreements or later

3

employment offer that would tend to show that [respondent] refused to negotiate.

Accordingly, the district court granted summary judgment in favor of respondent on the issue of liability but reserved the issue of damages. After both parties submitted additional briefing on the damages issue, the district court issued an order denying appellant's motion to dismiss respondent's claim for damages and entering judgment for $44,406 against appellant.

Appellant argues that the evidence presented to the district court to prove the amount of damages was insufficient. To prevail on a breach-of-contract claim, the plaintiff must prove damages. *Christians v. Grant Thornton, LLP*, 733 N.W.2d 803, 808 (Minn. App. 2007), *review denied* (Minn. Sept. 18, 2007). Damages cannot be "speculative, remote, or conjectural." *Leoni v. Bemis Co.*, 255 N.W.2d 824, 826 (Minn. 1977). The plaintiff must establish a reasonable basis for approximating a loss. *Jensen v. Duluth Area YMCA*, 688 N.W.2d 574, 579 (Minn. App. 2004). A reviewing court defers to the district court's credibility determinations. Minn. R. Civ. P. 52.01. We extend this deference to the evaluation of written statements and testimonial depositions. *See Straus v. Straus*, 254 Minn. 234, 235, 94 N.W.2d 679, 680 (1959) ("Conflicts in the evidence, even though the presentation is upon affidavits, are to be resolved by the trial court.").

The scholarship agreements provided:

> **EMPLOYMENT AFTER COMPLETION OF STUDY.**
> All students on a four year course of study shall complete two years of employment with Lakeview at a minimum of 64 hours per payroll if offered a position.

> All students on a two year course of study shall complete one year of employment with Lakeview at a minimum of 64 hours per payroll if offered a position.
> Failure to satisfactorily complete the employment obligation will result in repayment of some or all of the student's scholarship award.

To prove damages, respondent submitted the affidavit of its administrator, stating that any funding provided by the state "is not direct funding" and that "the scholarship money in the first instance comes from [respondent] and when awarded qualifies as an expense to increase [respondent's] reimbursement rate from the Department of Human Services. Recovery of scholarship money is reported as a recoupment and lowers [respondent's] reimbursement rate." Moreover, in appellant's answers to respondent's request for admissions, she admitted that respondent paid $4,293 to Presentation College for her nursing degree during 2009, paid $13,199 in 2010, paid $17,721 in 2011, and paid $9,389 in 2012. There are no conflicts in the evidence regarding the amounts paid or the interpretation of the scholarship agreements. Based on the record and the deference we afford to the district court's factual findings, respondent established a reasonable basis for its damages. Accordingly, the district court did not abuse its discretion in granting $44,406 in damages.

Appellant also argues that respondent should have mitigated damages because respondent "continues to be paid at a higher rate [by the state], which, by definition, reduces its damages related to this payment." "Whether damages are subject to mitigation is a question of law we review de novo." *DeRosier v. Util. Sys. of Am., Inc.*, 780 N.W.2d 1, 6 (Minn. App. 2010). Appellant does not cite any case law or point to any

evidence in the record supporting her contention that the state is paying respondent at a higher reimbursement rate. Rather, appellant acknowledges that, "to the best of [her] knowledge," the state has not sought reimbursement.

Because appellant's arguments regarding future reimbursement by the state are speculative and unsupported by the record, she is unable to demonstrate that a genuine issue of material fact exists regarding damages mitigation. Thus, the district court did not err in granting respondent's motion for summary judgment. *See In re Welfare of T.D.*, 731 N.W.2d 548, 557 (Minn. App. 2007) ("The court generally will not base its decision on matters outside the record on appeal, and it will not consider matters that were not produced and received in evidence in the district court."); *see also Illinois Farmers Ins. Co. v. Schmuckler*, 603 N.W.2d 138, 141 (Minn. App. 1999).

**Affirmed.**